## Knisely *against* Shenberger.

| | |
|---|---|
| 7 W | 193 |
| 21 SC | 58 |
| 7 W | 193 |
| e 31 SC | 37 |

An obligation, which in its terms purports to be that of one person, as "I hereby bind myself, &c." and is executed by more than one, may be treated as the several obligation of each person who signs it, or the joint obligation of all.

ERROR to the common pleas of *York* county.

Henry Shenberger against Anthony Knisely. Amicable action and case stated, in substance thus:

John Patterson, seised of fifty-five acres of land, conveyed it to the plaintiff, Henry Shenberger. At the time, there were two judgments in favour of John Baymiller which were liens upon the land; and in consideration that Shenberger would accept the deed and pay the purchase money, which he did, this paper was executed and delivered to him:

"April 4th, A. D. 1832. I do hereby certify, that I will go security for John Patterson, that the judgments in favour of John Baymiller, against the said John Patterson, that *the* will not injure Henry Shenberger, &c. In witness whereof we have hereunto set our hands the day and year above written.

"JOHN PATTERSON.
"ANTHONY KNISELY."

The only question was, whether the plaintiff, upon his being damnified by these judgments, was entitled to recover from Knisely.

The court below (Durkee, President) rendered a judgment for the plaintiff.

*Mayer* and *Evans*, for plaintiff in error.
*Barnitz*, for defendants in error.

The opinion of the Court was delivered by

HUSTON, J.—The counsel for the plaintiff in error attempted to

VII.—R 2

show that this agreement, to indemnify Shenberger against judgments which bound the land he bought from Patterson, was the agreement of Patterson alone, because it began "I do hereby, &c." and Patterson signed it before Knisely. To this, two answers occurred: first, that where a writing begins as this, it may be taken as the several engagement of each, or joint engagement of both, *Selwyn's N. P.* 326; besides the whole of the agreement contradicts this construction. It would be absurd to suppose that John Patterson went security for himself. But the case stated puts an end to this matter: it says, this agreement was executed by Anthony Knisely, in consideration that Shenberger would accept the deed and pay the consideration, notwithstanding two judgments bound the land.

If ever there was a time when courts listened to trivial and verbal inaccuracies in contracts, when the real meaning and intention of the parties was plain, that time has gone by, and the only object of courts is, that where the meaning and intention of the parties are perfectly plain, no grammatical inaccuracy or want of the most appropriate words shall render the instrument unavailing.

The fact that Patterson signed this paper may not be immaterial to Knisely hereafter: it will show that he is not a volunteer surety for Patterson, that he became surety in the presence and with the knowledge of Patterson, and, perhaps, a jury would infer, at his request.

Another objection was attempted, that a case might have been stated more favourably to defendant. It may be possible, that a case is stated so defectively, that no judgment can, with propriety, be given on it, and in such cases it may or must be sent back. But where a case has been stated, argued and decided in the common pleas, and judgment there given, it would be strange if this court would undo and reverse all this, to put the parties to the trouble and expense of another trial.

It is said in Fuller *v.* Trevor, 8 *Serg. & Rawle* 329, to be settled, that the supreme court will not take cognizance of a writ of error on a case stated and submitted to the court of common pleas, unless it be agreed, that it shall be subject to a writ of error. Now our paper books show no such agreement, and on this ground the plaintiff would fail; but this is mentioned only to remind counsel of the rule of this court on this point. It was not noticed in the argument, and we have decided on the case as if a writ of error lay.

Judgment affirmed.