## Berg *v.* Moore.

An error of law committed by arbitrators, whose award was not appealed from, cannot be assigned for error.

Nor is there error in the court below dismissing exceptions, founded on such error of the arbitrators, the remedy being by appeal, (the arbitrators being chosen under the compulsory arbitration law.)

In error from the Common Pleas of Fayette.

*Oct. 25.* Case for malicious prosecution. Under a rule by defendant, arbitrators were chosen. The plaintiff agreed to rest his case on the proof of a warrant and arrest and discharge by the justice, without proof of malice, want of probable cause, or damage. On award filed, defendant excepted to the decision on the point of law; this was dismissed, and judgment entered on the award. The errors assigned were in the decision by the arbitrators of the point submitted, and the entry of judgment by the court.

*Deford*, for plaintiff in error.—The plaintiff virtually abandoned his cause by his admission, and the error is upon the face of the record: 1 Saund. 230; 2 Stark. Ev. 492; 1 Penna. Rep. 232; 4 Serg. & Rawle, 19; 10 Johns. 106.

*Patterson*, contrà, cited 2 Stark. Ev. 494, n. 1; 13 Serg. & Rawle, 233. This is not within the reasons for setting aside an award allowed by the act 1836, s. 26; and this must be made in

the court below: 4 Watts, 12; 2 Rawle, 149. The remedy was by appeal: 5 Whart. 309; 3 Barr, 456.

*Nov.* 1. PER CURIAM.—It is settled by Knisley *v.* Shenberger, 7 Watts, 194, that a writ of error does not lie to the opinion of the Common Pleas on a question of error alleged to have been committed by arbitrators. The present is, in effect, a writ of error to the arbitrators; for the errors assigned are theirs, and not the errors of the court. But we can reverse only for error in the judgment—not in the award.

Judgment affirmed.