## STAPLES & *als*. *versus* WHEELER & *als*.

Where, in consideration of a sum advanced to defendant, he agreed to go to the gold diggings of California, and give the plaintiff one half of the proceeds of labor there for one year, no deductions are to be made from *such proceeds*, by reason of expenses paid for sickness during the year.

Although, in the description given in the body of a written contract of the persons interested, the name of one who signs it, and makes part of the advances, is omitted, it is, nevertheless, valid with respect to such person.

Without proof of its loss, or a foundation laid for secondary evidence, the contents of a receipt cannot be proved by parol.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

ASSUMPSIT, on a contract of the following tenor :—

The defendants for advances made to them by plaintiffs of $350, each, agreed in writing to proceed with all possible despatch to the gold diggings in California, there to labor with all diligence and fidelity to get gold in any honest manner for the space of one year from their arrival there. "The proceeds of said labor, whether in digging gold, laboring or speculating, to be divided equally between the parties of the first and second part of the contract." And if either of the defendants should die, his share to be paid from the time of his decease.

Zenas Wheeler only appeared, and pleaded the general issue.

In the written contract, the name of one of the plaintiffs was not found among those named in it, as of the first part, but it was signed by him, and one Lane was called, who testified, that it was signed by all the plaintiffs first, and afterwards by defendants, and that the sum therein stated was paid over to Wheeler at the time the contract was executed.

The defendant objected to this witness, and also to the contract, as not being the one declared on.

The objection was overruled.

Evidence was introduced tending to show the amount of Wheeler's earnings in California, and also to show, that a portion of the time he was sick, and the expenses of his sickness.

The defendant offered parol evidence of a receipt given to George W. Foster, one of the defendants, by A. Pilsbury, agent of plaintiffs, December 12, 1851, for $300, in full discharge of all liability to the California & Machias Mining Co., and of a contract entered into by said Foster with said company. The absence of the receipt was not accounted for by any evidence or affidavit, and the proffered evidence was rejected.

The presiding Judge instructed the jury, *that* under the written contract, they should first ascertain the proceeds of the labor of Wheeler in California; *that* they should then ascertain the amount of the expenses incurred by Wheeler, during the time of his sickness; *that* they should deduct this last sum from the proceeds of Wheeler's labor 'and render their verdict for one half of that balance.

The verdict was for $858,21, and the jury find the expenses of defendant's sickness to have been $500, and that the interest on the last sum would be $94,33.

Both parties excepted, the defendant to the rulings against him by the Judge, and the plaintiffs to the instruction given to the jury; and it was stipulated, that if in the opinion of the Court, the expenses of his sickness should not be deducted from the proceeds of Wheeler's labor, then the verdict is to be amended by adding one half of the sum so expended, together with one half of the interest thereon, as found by the jury.

*Thacher*, in support of defendant's exceptions, cited *Southwick* v. *Hayden*, 7 Cowen, 334; Laws of 1851, c. 113; *Lee* v. *Openhiemer*, 32 Maine, 353.

*Bradbury*, for plaintiff.

HOWARD, J. — By the contract on which this suit was brought, the defendants on the second part, in consideration of the advances of money made to them by the plaintiffs, on the first part, agreed to go to the "gold diggings, in California, and there to labor with all diligence and fidelity to get gold, in any honest manner, for the space of one year from

their arrival there. The proceeds of said labor, whether in digging gold, laboring or speculating, to be divided equally between the two parties hereto." After some provisions, not material to the present inquiry, the contract states, that, "it is further understood, that if either of the parties of the second part should die, his share is to be paid from the time of his decease."

The only question arising on the plaintiffs' exceptions is, whether the expenses of the sickness of Wheeler, in California, should be deducted from the proceeds of his labor before the contemplated division should be made between the parties to the contract. The instructions required the deduction to be made, and the verdict was returned accordingly.

We are not called upon to determine what might have been an equitable arrangement between these parties, but rather, to ascertain the meaning of the contract which they chose to execute. It was not an undertaking in which the parties formed a joint company to share profit and loss; or in which the *net proceeds* only of the enterprise were to be divided. But each party was to have an independent interest in the *proceeds* of the labor.

By the terms, "proceeds of said labor," were intended the amount, income or products of the labor. Such is the plain import of the expression, and it harmonizes with the literal meaning of the term *proceeds.* No provision appears to have been made for sickness, or other incidental expenses of the defendants, except by the money advanced. During sickness, each party would fail of the benefits anticipated from the labor of the defendants; and if they had been disabled by sickness from performing any labor, and so have acquired no proceeds, the plaintiffs would have lost their money advanced, and the defendants their time and expenses. Neither repayment nor remuneration could have been successfully claimed. Each party had its peculiar hazard in the enterprise. One risked the advancement, and the other the voyage, time and labor. Beyond that the contract is silent, so far as risks

and expenditures are concerned. No such deductions as are claimed were provided for by the contract, and none should be made.

The defendants except to the ruling of the presiding Judge, admitting the contract produced, in evidence, against their objections. But although the name of one of the plaintiffs is omitted in that part of the contract describing the persons composing the party of the first part; yet it appears that the one so omitted made a part of the advancement, and signed the contract before it was signed by the defendants, and became a party to it, *de facto* and *de jure,* when it was executed. There is then no material variance, but the instrument described in the declaration, is the same that was offered in evidence, and the same that was executed by the parties.

The parol evidence of a receipt given by Pillsbury, was properly rejected; because the receipt was the best evidence of its own terms, and there was no proof offered of its loss, or which would authorize the introduction of secondary evidence of its contents. And if a receipt such as is copied into the exceptions, had been produced, it could not have been admitted to affect the rights of the plaintiffs; for there was no evidence that it purported to be signed, or in fact was given by Pillsbury, as their agent.

We perceive no valid objection to the admission of the testimony of Lane.

The defendants' exceptions are overruled. But, although we sustain the plaintiffs' exceptions, yet, under the agreement, the verdict is to be amended and increased by adding to the amount the sum of two hundred and ninety-seven dollars and sixteen cents; and the plaintiffs are entitled to judgment accordingly.

SHEPLEY, C. J., and TENNEY and HATHAWAY, J. J., concurred.