# Leith *versus* Bush *et al.*

1. A bond was "I, William Bush, am held, &c., * * to which payment, &c., * * I do bind myself, my heirs, &c., and every of them, * * sealed with my seal," &c., with condition the "said William Bush" should account for money received as collector of school taxes, &c. The bond was signed and sealed by Bush and four others. *Held*, that it was the joint and several bond of all.

2. The liability of a school director who had agreed to accept the bond was too remote to affect his competency as a witness.

March 18th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

[Leith *v.* Bush.]

Error to the Court of Common Pleas of *Northampton county:* No. 208, to January Term 1869.

This was an action of debt by Jacob Leith, President of the School Board of Lower Saucon township, to the use of the School District of that township against William H. Bush, George Rennig, Tobias W. Lynn, James Wohlbach and Morgan Apple. The writ was issued, November 7th 1866.

The suit was on the following bond :—

" Know all men by these presents that I, William H. Bush, &c., am held and firmly bound unto Jacob Leith, president of the school board of Lower Saucon township, in the penal sum of twenty-four thousand dollars, to be paid to the said Jacob Leith, president of the school board of Saucon township, or to his attorney, &c., to which payment well and truly to be made, I do bind myself, my heirs, executors, administrators, and every of them firmly by these presents. Sealed with my seal, dated the seventh day of June, A. D. one thousand eight hundred and sixty-five.

" Whereas the above bounden William H. Bush is chosen collector of the sub-district of Bethlehem South, and by reason whereof he will receive divers sums of money, goods and chattels of and belonging to the said Jacob Leith, president of the school board of Lower Saucon township. Now the condition of the above written obligation is such, that if the said William H. Bush, &c., at the end of his said office as collector, or upon request to him or them, in that behalf to be made, shall make and give unto such auditor or auditors as on that behalf shall be appointed by the said school board, or the greater part of them, a just and true account in writing of all such goods, chattels, money, or other thing, as have or shall during his office of collector, and shall, upon the said account, pay and deliver over to the said school board all such money, goods, chattels and movables as by the foot or balance of the said account, shall appear to be due and belonging to the said school board, then this obligation to be void and of no effect, or else to remain in full force and virtue.

|  |  |
|---|---|
| WILLIAM H. BUSH, | [SEAL.] |
| GEORGE RENNIG, | [SEAL.] |
| TOBIAS W. LYNN, | [SEAL.] |
| JAMES WOHLBACH, | [SEAL.] |
| MORGAN APPLE. | [SEAL.] |

Sealed and delivered in presence of us,
THOS. CUNNINGHAM,
MICHAEL ANSTATT."

On the trial, November 23d 1868, before Jones, P. J., the persons appearing as subscribing witnesses to the bond having been called by the plaintiff, testified, that the respective signatures were theirs, but that they were not present when the bond was

[Leith v. Bush.]

signed.  The plaintiff then called George Shimer who on his *voir dire* testified, that he was member of the board of school directors when the bond was received by the board ; the bond was deposited with the president and the board, he being a member, directed this suit to be brought.  The defendants objected to the examination of the witness in chief, on the ground that he might be liable to the district on a failure to recover in this suit.  The witness was rejected and a bill of exceptions sealed.

The plaintiff called William Apple, who, on his *voir dire*, testified that he was a school director when the bond was received by the board.  The defendant objected to the examination of the witness in chief.  The court rejected the witness, and sealed a bill of exceptions.  The plaintiff then called William Bush, the principal in the bond.  The defendants objected to his admission, and showed a record of his conviction for embezzlement, at April Sessions 1866, his sentence of imprisonment for one year, and his imprisonment accordingly.

The court excluded the witness and sealed a bill of exceptions.  There was evidence tending to show the due execution of the bond.  There were also other offers of evidence, which were rejected and bills of exception sealed, but which it is not important to notice.

The plaintiff then offered the bond in evidence.  Its admission was objected to by the defendants :—

1st.  Because the execution of the bond is not sufficiently proved.  And 2d.  Because it is not such an instrument as will sustain an action against the sureties, the names of the sureties not having been inserted in the body of the bond ; which objection was sustained by the court and the bond rejected, and a bill of exceptions sealed.

Under the direction of the court, the jury found a verdict for the defendants.  The plaintiff took a writ of error, and assigned for error the rejection of his several offers of evidence.

*W. W. Schuyler* and *E. J. Fox*, for plaintiff in error.—As to the rejection of Shimer and Apple: Act of April 16 1840, § 6, Pamph. L. 411, Purd. 425, pl. 18 ; Barnet *v.* School Dir., 6 W. & S. 46, 1 Greenl. Ev. 386–390 ; Orphans' Court *v.* Woodburn, 7 W. & S. 166 ; McDowell *v.* Simpson, 3 Watts 135 ; Gilpin *v.* Howell, 5 Barr 51 ; Braine *v.* Spalding, 2 P. F. Smith 248 ; Dodge *v.* Bache, 7 Id. 421 ; McCredy *v.* Schuyl. Nav. Co., 3 Whart. 441 ; Juniata Bank *v.* Beale, 1 W. & S. 230 ; Scott *v.* Wells, 6 Id. 369. As to Bush: Act of March 31st 1860, § 181, Pamph. L. 425, Purd. 247, pl. 190 ; Com'th *v.* Shaver, 3 W. & S. 338.  As to the sufficiency of the bond in form : Keeton *v.* Spradling, 13 Miss. 321 ; Johnson *v.* Steamboat, Id. 539 ; Stone *v.* Wilson, 4 McCord

[Leith *v.* Bush.]

203; Fulton's Case, 7 Cowen 484; Knisley *v.* Shenberger, 7 Watts 193.

*H. Green* (with whom was *O. H. Meyers*), for defendant in error.—As to the rejection of Shimer and Apple : Dickinson *v.* Linn, 12 Casey 431, 1 Greenl. on Ev. § 396; Hodson *v.* Marshall, 7 C. & P. 16; Emerton *v.* Andrews, 4 Mass. 653; Kerrison *v.* Coatsworth, 1 C. & P. 645; Wake *v.* Lock, 5 Id. 454; Gilpin *v.* Howell, 5 Barr 51; Lothrop *v.* Wightman, 5 Wright 297. As to Bush—there may be nothing but a *presumption* that he had endured his sentence : Lawson *v.* The Ohio & P. Railroad, 1 Grant 329; Bickel *v.* Fasig, 9 Casey 465, 2 Archb. Crim. Pr. & Pl. 560. As to sufficiency of the bond : Bethune *v.* Dozier, 10 Geo. 235; Manufacturers' Bank *v.* Cole, 39 Maine 188; Adams *v.* Hedgepeth, 5 Jones (N. C.) 327, Hurlstone on Bonds, 92, 1 Shep. Touch. 56, 367, 375, Perkins 158.

The opinion of the court was delivered, May 11th 1869, by

READ, J.—The bond in this case was drawn in the name of one defendant, " I, William H. Bush," and purported to be signed and sealed by him and the four other defendants. This is a joint and several obligation of the five defendants : Knisley *v.* Shenberger, 7 Watts 193; Parks *v.* Brinkerhoff, 2 Hill 663; Smith *v.* Crooker, 5 Mass. 538, 540; Ex parte Fulton, 7 Cowen 484. " Thus, if the words are ' I promise to pay,' and there are many promissors, it is the several promise and the joint promise of all :" Parsons on Notes and Bills 251.

George Shimer was called as a witness by the plaintiff, and on his *voir dire* testified that he was a school director and officer of the board of the school district of Saucon township. The plaintiff thereupon proposed to examine the witness in chief, but the defendants, by their counsel, objected on the ground that the witness might be liable to the district in the event of a failure to recover on the bond, which objection was sustained by the court and the evidence rejected.

The manner of the objection was hasty, as it did not permit the plaintiff to state what he proposed to prove by the witness, and the decision of the court entirely prevented it, by ruling that he could not be a witness for any purpose.

The bond, on its face, was a valid one, and nothing had been alleged or proved to show it was otherwise. It is, however, clear that the remote contingency of possible liability on the part of the witness was not such an interest as to render him incompetent to testify. He was therefore improperly rejected, as also was William Apple.

As this cause must go back for trial, it is not necessary to express a positive opinion as to the rejection of William H. Bush,

[Leith *v.* Bush.]

as both sides will be prepared to prove his actual *status*, and, if necessary, a pardon will no doubt be procured to make him a competent witness.

In the stage of the cause at which the questions were asked which form the subjects of the 4th, 5th, 6th and 7th specifications of error, they do not appear to have any such relevancy as could make them in any way material to the plaintiff or the case, and therefore the court did the plaintiff no injury in rejecting them.

Our opinion as to the form of the bond is expressed in the commencement of this decision.

Judgment reversed, and <em>venire de novo</em> awarded.