[Filed January 23, 1888.]

## R. G. THOMPSON et al., Respondents, v. D. COFF-MAN, et al., Appellants.

BUILDING CONTRACT—BREACH.—Where by the terms of a building contract the contractor bound himself to "promptly pay, or cause to be paid, for all materials used by him under this contract, and for all labor and mechanical workmanship performed and executed in the construction and completion" of such building; *held*, that a failure to promptly pay or cause to be paid for any such work or materials constituted a breach of such contract.

CONTRACT—PARTIES NOT NAMED IN.—Where the contract did not name C. or N. as parties, but they signed their names thereto after G.'s signature, who was mentioned as a party, and then T. and F. signed it; *held*, that C. and N. thereby made themselves parties to the contract as sureties for G.

SURETIES—PAROL EVIDENCE.—In an action upon a written contract, it may be alleged and proven, when necessary, that one or more of such parties signed said contract as surety.

APPEAL from Umatilla County.     Affirmed.

*Wager & Skipworth*, for Appellants.

*Cox & Minor*, and *Cox, Smith & Teal*, for Respondents.

STRAHAN, J.—This is an action to recover damages for a breach of a building contract, signed by J. J. Goble, as principal, and D. Coffman and Thomas Nye, as sureties. It appears from the complaint that on the fourteenth day of June, 1886, the plaintiffs entered into a contract with J. J. Goble, who agreed to furnish all of the materials except brick, and perform all the work and labor in the erection of a certain building in Pendleton, Oregon, for which the plaintiffs were to pay $6,460, to be paid in various amounts as the work progressed. To secure the faithful performance of said contract on the part of said Goble, the agreement sued on was executed. Said agreement contains, amongst

other provisions, the following: "Said party of the first part further agrees that he will promptly pay, or cause to be paid, for all materials used by him under this contract, and all labor and mechanical workmanship performed and executed in the construction and completion thereof; and that contemporaneously with the execution of this contract, he will enter into a bond in amount equal to entire cost of building, with sureties satisfactory to the parties of the second part, in which they shall bind themselves to pay all claims for labor and materials used upon said work, in such time as to prevent any liens accruing against said work or building, and to hold said parties of the second part harmless against any such claims or lien." The complaint assigns as breaches of this part of the contract that defendants did not pay all claims for labor or materials used upon said building; nor was any other bond executed to the plaintiffs to secure them against default on the part of the defendants in performing the covenants of said contract; but that of claims justly incurred for labor and materials used upon said building, the defendants utterly failed and neglected to pay divers thereof, amounting to the sum of $1,473.71, which amounts these plaintiffs were compelled to pay, and did thereafter pay for items too numerous to be therein particularly set forth, on or before the fifteenth day of November, 1886.

Judgment appears to have been taken against Nye for want of an answer. Goble and Coffman demurred to the complaint, but their demurrer being overruled, they filed separate answers. Coffman's denial controverts the alleged breaches. Goble's goes further, and in addition to controverting the breaches alleged in the complaint, it alleges the making of the agreement, that he kept and performed the same on his part, in every particular, and that the building was duly accepted by the plaintiffs. The answer contains the further allegation that plaintiffs have neglected and omitted to pay said defendants $2,088.23 of the contract price for erecting said building. The reply denied the new matter in the answer. A trial before a jury in the court below resulted in a verdict and judgment in favor of the plaintiffs, from which this appeal is taken.

Numerous errors are assigned in the notice of appeal; but we are relieved of the necessity of noticing any of said alleged errors, other than those arising on the matters of evidence connected with the alleged breaches of said contract by the defendants. No part of the charge of the court to the jury appears in the bill of exceptions, and it must therefore be presumed upon this appeal that such charge was in every particular correct. The fact that it was lost, and for that reason does not appear, gives rise to no implication that it was erroneous.

1. The error principally relied upon by the appellants is that no breach of the conditions or covenants by the defendants is shown. That to constitute such breach, for which Coffman, a surety, can be held liable, it must be made to appear that claims existed for labor and materials used in the erection of said building; that Goble neglected to pay such claims; and that such steps were thereupon taken under the statute as to perfect said liens against such building. That as against the defendant Coffman particularly, if the plaintiffs paid any claims until all of this had been done, such payments were voluntary on the part of the plaintiffs, and that such facts would not constitute a breach of said contract. The case most relied upon by the appellant to sustain its contention is *Simonson* v. *Thori*, 31 N. W. Rep. 861. In that case the agreement provided that the contractors "would protect said Grant, and save him harmless from all claims and liens for labor and materials contracted by them on said buildings." The contract under consideration required more than this, by its terms the contractor was bound to "promptly pay, or cause to be paid, for all materials used by him under this contract, and all labor and mechanical workmanship performed and executed in the construction and completion" of said building. The part of said writing which refers to the accrual of liens, and the saving of the party of the "second part harmless against any such claims or liens," refers entirely to what was agreed to be inserted in the additional agreement, but which was never executed. The agreement sued on is, undoubtedly, broader in its terms, and more comprehensive in its scope and meaning than the additional agreement which is provided for therein; and

inasmuch as the contractor elected not to execute the additional agreement which he obliged himself to do, this one must be taken as the measure of the duties and responsibilities of the parties to it. The omission, then, of the contractor under the very terms of the agreement to promptly pay for all materials used by him in the erection of the building, or for all labor or workmanship in the construction thereof, constituted a breach of said agreement, without any question as to whether said claims had become liens on the building or not. It is not disputed but what the materials and labor represented by the amount for which a recovery was had were such as are contemplated by the contract, and for which Goble bound himself to "promptly pay"; or if it were controverted, it is conclusively settled by the verdict, so that the case, in any view, is brought within the terms of the contract declared upon.

2. *Parties to contract.* Counsel for the appellant insisted upon the argument here that the contract set up in the complaint failed to show any liability on the part of the defendant Coffman; that he was in no sense a party to it; that it purported to be a contract between Goble on the one hand and Thompson and Flack on the other; and that it was of such a nature that Coffman could not become a party either as principal or surety by merely signing his name. It is true that the contract does not name Coffman or Nye as parties. They simply signed their names to the writing after Goble's, which writing does not otherwise appear to be their contract; and their signatures are followed by the names of the other parties mentioned in said agreement. This objection presents the simple question, whether or not such signing made them parties to the agreement, and we are of the opinion it did. In *Thomas* v. *Gumaer,* 7 Wend. 43, it was held that where an agreement between two persons, perfect in all respects as between them as the *sole contracting parties,* was signed by them and a third person, who added the words "as security" to his name, and in the agreement was contained a clause "we bind ourselves," etc., *it was held* that the third person, being the second signer, was the surety of the first signer, and was jointly bound with him to perform the stipulation of the contract. So in

*Ex parte Fulton,* 7 Cowen, 484, where an appeal bond did not contain the name of the surety in the body of the bond anywhere, but he signed and sealed it, it was held that such bond was valid and binding on the surety. And to the like effect is *Sheid* v. *Leibshultz,* 51 Ind. 38; *Belloni* v. *Freeborn,* 63 N. Y. 383.

3. It is alleged in the complaint that Coffman and Nye signed said writing as sureties for Goble. Within the rule announced in *Thomas* v. *Gumaer, supra,* the place where they placed their signatures would fix their relations to the parties; but without that, and where the capacity in which parties sign an agreement does not otherwise appear, it may be alleged, and proven by parol. (Brandt on Suretyship, § 17.) This construction is more favorable to the surety ordinarily than to treat him as a principal, for the reason that in many cases, such as the modification of the agreement with his principal without his consent, laches, and the like, he may be entitled to his discharge; but in this case no such conditions are shown to exist, and the liability of the surety is co-extensive with that of the principal, under the terms of the agreement described in the complaint.

4. There are some other assignments of error in the notice of appeal, but they were not specially insisted upon at the argument, and they do not seem to be of such importance as to require special discussion. We have examined them, however, and do not find that any of them can be sustained.

The judgment of the court below must therefore be affirmed.