A. W. MILES, APPELLANT, *v.* A. F. COUTTS, ET AL., RESPONDENTS.

[Submitted June 7th, 1897.  Decided June 21, 1897.]

*Mechanic's Lien—Right of Subcontractor—Contract against Liens.*

The right to a lien which is given by statute to a subcontractor or material man, cannot be destroyed by a provision against liens contained in the contract between the owner of the building and the contractor, to which contract such subcontractor or material man was not a party and of which he had no knowledge.

*Appeal from District Court, Park county.  D. J. Rose, Judge.*

ACTION brought by A. W. Miles against A. F. Coutts and others to foreclose a mechanic's lien. From the judgment of the lower court, plaintiff appeals. Reversed.

Statement of the case by the justice delivering the opinion.

This is an action to foreclose a mechanic's lien, brought by plaintiff, who is a material man, and claims a lien as such. The complaint is in the usual form used in cases of this kind. The answers, after denying the several allegations of the complaint, allege: "And, for a further and separate defense to the said action, defendant alleges that on the 27th day of May, 1892, the defendant Frank Henry entered into a written contract with A. F. Coutts for the erection of a dwelling house upon lots named in the complaint, by the terms of which the said Coutts was at his own cost and expense to build and erect the dwelling house mentioned in the complaint, and was to furnish all labor and material for the construction thereof at his own proper cost and expense, under the direction of Galbraith and Fuller, architects, according to certain plans and specifications mentioned in the contract." It is conceded that the building contract provided for and included the furnishing of the glass to be used in the building, for which plaintiff sues in this action. Said Coutts, by the terms of the contract, was to have said dwelling house completed on or before the 1st day of November, 1892, and agreed to pay for all labor and material, and to allow no liens to be filed on said dwelling. Defendant Henry claims that, by the terms of said contract between himself and Coutts, the plaintiff is estopped from claiming any lien for material furnished upon said premises, or any part thereof.

The written contract referred to in defendant's answer is filed as an exhibit with the answer.

The eleventh clause of said contract reads as follows: "Said contractor agrees to pay for all labor and material, and allow no liens to be filed on said building, and the said proprietor reserves the right to pay off and discharge any liens that may be filed, out of sums due said contractor, as hereinabove provided."

To the answer the plaintiff filed a demurrer, on the ground that it did not state facts sufficient to constitute a defense.

The court below overruled the demurrer, and plaintiff declining to further plead, the cause came on for trial, and judgment was rendered against the plaintiff for costs. From .this judgment, plaintiff appeals.

*J. A. Savage* and *E. C. Day*, for Appellant.

*A. J. Campbell*, for Respondents.

Pemberton, C. J.—The plaintiff in this case is a material man, and, as such, is endeavoring to enforce a lien against the premises in question. It is conceded that he is entitled to the relief he seeks in this suit, unless he is estopped and barred from claiming a lien by the terms of the eleventh clause of the contract entered into by and between the original contractor and the owner of the building and premises in controversy, which clause is pleaded by the defendants. This clause is given in full in the statement above.

It cannot be disputed that our lien law gives a material man a lien for the materials furnished by him in the construction of a building. He is as much entitled to a lien under the law as a contractor, subcontractor, or laborer. The material questions here presented are two :

First. Are the terms of the clause in the contract between the contractor and owner of the building so explicit as to admit of but one interpretation, namely, to forbid the claiming of a lien by the original contractor and all other persons furnishing labor or material in the construction of the building ?

Second. Can the contractor and owner of the building, by contract, deprive all other persons who labor and furnish materials in the construction of a building of their right to claim a lien thereon without their assent ?

It is not disputed that all persons to whom the law gives a lien may waive it by proper agreement. These questions have been very extensively discussed by the Supreme Court of Pennsylvania. The laws of that state are very similar to ours as to the persons who are entitled to a lien. In a number of

cases the Supreme Court of that state has held, in effect, that, where a contractor convenants with the owner of a building not to file a lien or permit liens to be filed by others, the sub-contractor and all persons furnishing labor or materials were estopped or deprived by such contract from claiming liens on the premises. This holding is upon the theory that, "the only connection between the owner and the subcontractor be-ing through and by means of the contract between the owner and the principal contractor, the subcontractor is chargeable with notice of all its terms and stipulations, and is bound thereby." *Schroeder* v. *Galland,* 134 Pa. ·St. 277, 19 Atl. 632.

In *Nice* v. *Walker,* 153 Pa. St. 123, 25 Atl. 1065, the court collate and discuss their former decisions on these ques-tions. In the case just cited, the court, while it adheres to the doctrine as laid down in *Schroeder* v. *Galland, supra,* and other cases commented upon, says :

"In order to prevent a contractor or subcontractor from filing a lien agaist a building, there must be an express cove-nant against liens, or a covenant resulting as a necessary im-plication from the language employed; and the implied cove-nant should so clearly appear that the mechanic and material men can understand it without consulting a lawyer as to its legal effect. If a contract is so worded as to be fairly subject to another construction, it is a sufficient reason why it should not be held to bar the right of the subcontractor to file a lien."

It will be observed that the eleventh clause of the contract involved in this case, after stating that the contractor would pay for all labor and material, and allow no liens to be filed on the building, reserved in the same sentence the right to the owner to pay off and discharge any liens that might be filed out of sums due said contractor. Contracts containing the same or similar terms and stipulations have been held not to bar subcontractors, laborers, and material men of the right to claim liens upon a building. *Loyd* v. *Krause,* 147 Pa. St. 402, 23 Atl. 602, and other cases discussed in *Nice* v. *Walker, supra.* Some of these cases hold that the reservation of the

right by the owner to pay off liens out of the money due the contractor, by implication, concedes the right to material men and others, under such contracts, to claim and file liens. In other words, such contracts are held to be capable of two interpretations, and are not so explicit in terms as to defeat the right to claim a lien by others than those who are parties to the contract. Such contracts are held to be defective according to the rule stated in *Nice* v. *Walker, supra.*

We doubt if the terms of the contract under discussion are sufficiently explicit to absolutely exclude the right to claim liens against the premises in controversy, under the authorities referred to. But, even if there was no doubt in our minds upon this point, we are still confronted with the graver question as to the power of the contractor and the owner of the building, by contract between themselves alone, to deprive all other persons who labor or furnish materials in the construction of the building of their right to claim and enforce a lien thereon without their assent.

Boisot, in his work on Mechanic's Liens (section 747), says : "Admitting that a contractor may, by provision in the building contract, cut himself off from the benefits of the mechanic's lien law, his right to keep subcontractors and material men in the second degree from claiming liens is not so clear."

After admitting that a majority of the decisions hold that a clearly expressed covenant between the contractor and owner to that effect will preclude the claiming of liens by any one, this author, in section 748, says : "The rule requiring agreements to waive mechanics' liens to be clearly expressed applies with even additional force when the agreement is invoked to cut off the rights of subcontractors or material men in the second degree."

While it must be conceded that a majority of the decisions hold that a clearly expressed covenant in a contract between the contractor and the owner, that no liens shall be allowed against the building, will bind the contractor and all other persons performing labor or furnishing materials in the construction of a building, still that doctrine cannot be claimed to be the settled rule of law on the subject.

In *Whittier* v. *Wilbur*, 48 Cal. 175 (a suit by material men), where the contractor had contracted with the owner, among other things, to save the premises from any liens, and which contract was pleaded by the owner, the court said :

"And in such cases the contractor and owner cannot deprive the material man of his lien by introducing a stipulation into the building contract, by which the contractor agrees to indemnify the owner against any lien by persons furnishing materials to be used in the construction of the building."

*Norton* v. *Clark*, 27 Atl. 252, is a strong case in point. The suit was to enforce a mechanic's lien. Clark was the contractor. In the written contract between Clark and the owner there was an explicit stipulation "that no liens should exist or be claimed for any labor or materials furnished by Clark or others employed by him." On the trial the plaintiff introduced in evidence the contract between the contractor and owner, to prove the agency of the contractor to hire labor and purchase materials. In discussing the case the Supreme Court of Maine say :

"The fact that such a contract was made clearly tends to prove that the owner consented to the furnishing of labor and materials by others at Clark's procuration. He could not reasonably have expected Clark to personally perform all the labor, and have on hand all the materials. He must have anticipated that Clark would procure much of the labor and materials from others. Hence his consent thereto may be reasonably inferred from his making such a contract.

"The written contract, when admitted and read in evidence, disclosed a stipulation by Clark that no liens should exist or be claimed for any labor or materials furnished by Clark or by others employed by him. The owner claimed that this stipulation barred the plaintiff's lien, though he had no previous knowledge of it, he having acted under Clark, and having put in the contract as part of his evidence. The court ruled otherwise, and the owner excepted.

"The argument is that, having put the contract in evidence, the plaintiff is bound by its terms. Not so. The plaintiff

did not put it in as his contract, but only as a written admission by the owner, tending to prove consent by him. The plaintiff, having no knowledge of the stipulation, cannot be deprived by it of any rights he had acquired by contract or by statute, even though he prove it as a circumstance to establish such rights. Neither does the fact that the plaintiff was in Clark's employ make him subject to any stipulations Clark might choose to make with others. This particular stipulation, like all other stipulations, binds only those who made it or assented to it. The plaintiff did neither.''

We think the conclusion reached by the court in the case just quoted, that the stipulation under discussion, ''like all other stipulations, binds only those who made it or assented to it,'' is the only just and legal conclusion of which the case is susceptible. We are not prepared to hold, notwithstanding the majority of the decisions be that way, that rights conferred upon a person by statute may be contracted away by a contract made by others, to which he has never assented, and of which he has no knowledge. We think such a construction of our statute in relation to mechanics' liens is unauthorized, and would result in defeating the end had in view by its enactment, by practically depriving the persons sought to be benefitted of all protection under its provisions.

We think the court below erred in overruling the demurrer of plaintiff to the answer. The judgment is reversed, and the cause remanded, with instructions to sustain the demurrer.

*Reversed.*

HUNT and BUCK, JJ., concur.