### GILL et al. v. GENERAL ELECTRIC CO.

(Circuit Court of Appeals, Third Circuit. May 2, 1904.)

#### No. 26.

1. CONTRACTS—EXECUTION—PERSONS LIABLE—SIGNATURE—EFFECT.

Where the acceptance of an offer to sell certain machinery was signed "G. & Co., by S. S. G.," by the other member of the firm, and by W. B. G. individually, the latter rendered himself liable as a joint contractor, and not merely as a guarantor.

2. SAME.

Where an acceptance of a proposal for the sale of machinery was signed "G. & Co., by S. S. G., W. B. G., and T. H. G.," the word "by" after the partnership name was limited to the partner first signing, and did not authorize an inference that the signature of W. B. G., who was not a member of the firm, was made only as one of the three agents of the firm.

3. SAME.

Where an offer for the sale of machinery was made to G. & Co. "(for the N. Umbrella Co.)," and an acceptance of the offer was signed by G. & Co. and by one not a member of such firm, such signature bound the signers personally, and not as agents of the umbrella company.

4. SAME—WRITTEN INSTRUMENTS—PAROL EVIDENCE.

Where a series of writings was intended to embody an entire contract, from which it appeared that one of the defendants was a joint contractor, parol extraneous evidence was inadmissible to vary or annul his connection therewith.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 127 Fed. 241.

David Lewis, for plaintiffs in error.

H. B. Gill, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges

¶ 4. See Evidence, vol. 20, Cent. Dig. § 1906.

DALLAS, Circuit Judge. This was an action by the General Electric Company against Sidney S. Gill, William B. Gill, and T. Harvey Gill, to recover a balance due for electrical apparatus supplied and set up under and in pursuance of a certain proposal, acceptance, and approval in writing. The proposal, dated May 29, 1902, was made by the electric company, and was thus addressed:

"To Messrs Gill & Co. (for the National Umbrella Co.)
"(Hereinafter called the purchaser.)
"Address 1000 Chestnut St., Philadelphia, Pa."

It contained this clause:

"The foregoing proposal is subject to the approval of * * * the Manager of its (the Electric Company's) Philadelphia Office."

The acceptance was as follows:

"To General Electric Company: Your proposal as above is hereby accepted this 4th day of June, 1902.

"Gill & Company,
"By Sydney S. Gill,
"W. B. Gill,
"T. Harvey Gill."

The approval was in these words:

"Approved, Philadelphia, June 16, 1902.

"General Electric Company
"By E. D. Mullen,
"Manager, Phila. Office."

Sydney S. Gill and T. Harvey Gill made no defense, and judgment was entered against them by default. As to William B. Gill the case went to trial, and the court below directed a verdict against him for an agreed amount. It is averred that this direction was erroneous, because, as is contended, William B. Gill was not liable under the contract sued upon. We cannot sustain this contention. It is true that he was not a partner in the firm of Gill & Co., to whom the proposal was addressed, but it is also true that he united with the members of that firm in accepting it. The paper which he signed is unambiguous and explicit, and it is impossible to ascribe any other significance to his signature. It must therefore be assumed that the approval by which the contract was completed was given upon the mutual understanding that all those who had executed the acceptance would be bound by it. This is the only construction, if construction it may be called, of which the acceptance is susceptible, and there is nothing in the proposal which calls for its rejection. The fact that Sydney S. Gill and T. Harvey Gill constituted the firm of Gill & Co., to whom the proposal was addressed, is unimportant. As between themselves, these two may have regarded the transaction as a partnership one, but, as to the electric company, the position of the three accepting persons was simply that of joint contractors.

Looking only at the signatures to the acceptance, independently of the oral evidence which was referred to by the court below, we concur in its opinion that the word "by" after the partnership name, applies to Sydney, and to him alone. It cannot be supposed that this name was actually written by more than one person, and it could not have been written by authority of William B. Gill, for he not only concedes, but insists, that he was not a partner. Therefore the con-

tention that he signed merely as one of three agents of the partnership of Gill & Co. appears to be baseless; and the alternative suggestion that he and the others signed, not for themselves, but as agents of the National Umbrella Company, is likewise inadmissible. The language of the writing is, "Your proposal as above is hereby accepted." Accepted by whom? Of course, by the signers; and neither in the paper itself nor in the signature of William B. Gill is there any intimation of agency. It is argued, however, that it should be understood that he signed for the umbrella company, because the proposal was addressed to "Gill & Co. (for the National Umbrella Co.)," and contained some provisions apparently intended for the benefit of the last-named company. But, waiving the question whether this peculiar form of address and these provisions should be understood to import that the proposal was originally made to Gill & Co. as agents of the umbrella company, the fact is patent that William B. Gill was not addressed at all. His liability resulted from his joinder in the acceptance of the subsequently approved proposal, no matter how or to whom it was addressed; for by that act he made himself a party to the contract, although he may have had no connection whatever with the negotiations which preceded it. Leith v. Bush, 61 Pa. 395; Knisley v. Shenberger, 7 Watts, 193; Clark v. Rawson, 2 Denio, 135; Staples v. Wheeler, 38 Me. 372; Thompson v. Coffman, 15 Or. 631, 16 Pac. 713.

Inasmuch as the series of writings which have been considered were obviously designed to embody the entire contract, and as from them alone it appears that William B. Gill was a party to it, it would be difficult to maintain that in a court of law any extraneous evidence could change it, or could vary or annul his connection with it. Shankland v. City of Washington, 5 Pet. 393, 8 L. Ed. 166. But, even if it were otherwise, the evidence dehors the writings would not have warranted a finding that William B. Gill had not personally and directly assumed the responsibility they imposed. There was testimony that "a form of guarantee * * * filled out for William B. Gill to sign as security," was given by a representative of the electric company to Sydney S. Gill, but the undisputed evidence is that, instead of executing that paper, William B. Gill signed the acceptance, and that thereafter the electric company's approval, which had previously been withheld, was given. The contention of the plaintiffs in error that from these facts the jury should have been permitted to infer that "it was the intention of the parties, as to William B. Gill's signature, to have treated him as a guarantor, not as a principal," is, we think, manifestly unsound. Such an inference would not only have conflicted with the plain meaning of the instrument which he actually signed, but could not have been rationally deduced from the evidence as a whole. In our opinion, the only reasonable, and therefore the only permissible inference from it, is that which was drawn by the learned trial judge: "W. B. Gill signed the acceptance, instead of the separate guaranty that had been sent for his signature, because he intended to bind himself for the fulfillment of the contract, in response to Mr. Mullen's demand, and it was simpler to have one paper than two."

Upon any possible view of the case, therefore, the binding direction which was given was proper, and the judgment, which was subsequently entered upon the verdict that was rendered in conformity with that direction, is accordingly affirmed.