(October 4, 1910.)

## W. T. SANDERS, Doing Business Under the Firm Name and Style of RUBY CREEK LUMBER CO., Appellant, v. MINNIE KELLER et al., Respondents.

[111 Pac. 350.]

BUILDING CONTRACT—SURETY—MATERIALMAN'S LIEN—WAIVER OF LIEN BY SURETY—ADMISSION OF PRINCIPAL BINDING ON SURETY.

(Syllabus by the court.)

1. Where S. subscribes his name to a contract executed by B. and K., and no mention of S.'s name appears in the body of the contract and no reference to his liability is made in the contract, *held*, that S. signed as surety and should be held as such.

2. Where a building contract was indefinite or uncertain in certain particulars and the principal obligor placed his own construction and interpretation on the contract and erected the building in accordance therewith, and there does not appear to have been any fraud or collusion between the contractor and the owner of the building, *held*, that the surety will be bound by the construction placed on the contract by his principal.

3. The surety for a contractor on a building contract cannot maintain an action for the foreclosure of a lien for materials furnished in the carrying out of the contract and erection of the building, where it appears that the full contract price has been paid to the contractor, or on his order, prior to any claim being made by the surety or notice being given to the owner of the building.

4. An admission made by the contractor in the course of the performance of his contract or upon the completion thereof as to having no claims for extras against the owner of the building, *held*, admissible against the surety in an action where the surety seeks to foreclose a materialman's lien for materials furnished in the construction of the building.

APPEAL from the District Court of the Third Judicial District in and for Ada County. Hon. Fremont Wood, Judge.

Action by the plaintiff to foreclose a materialman's lien. Judgment for defendant and plaintiff appealed. *Affirmed.*

William B. Davidson, and Harry Keyser, for Appellant.

A covenant against liens must be an expressed covenant, or must arise as a necessary implication from the language employed. (*Miles v. Coutts,* 20 Mont. 47, 49 Pac. 393; *Nice v. Walker,* 153 Pa. 123, 34 Am. St. 688, 25 Atl. 1065; *Aste v. Wilson,* 14 Colo. App. 323, 59 Pac. 846; *Blyth v. Torre* (Cal.), 38 Pac. 640.)

If the bond is void from the beginning, or has been discharged by the act of the owner, the sureties may assert mechanics' liens on their own behalf. (Boisot Mech. Liens, sec. 753; *Deitz v. Leete,* 28 Mo. App. 540; *Hartman v. Berry,* 56 Mo. 487.)

No estoppel can exist against appellant's claim of lien in this case, for even though he signed the bond as surety, he has been released by the act of the principal and owner. (*Oneale v. Long,* 4 Cranch, 60, 2 L. ed. 550; *Leggett v. Humphreys,* 21 How. 66, 16 L. ed. 50; *United States v. Tillotson,* 1 Paine, 305, Fed. Cas. No. 16,524; *Smith v. United States,* 2 Wall. 219, 17 L. ed. 788; *McMicken v. Webb,* 6 How. 292, 12 L. ed. 443; *United States v. Boyd,* 15 Pet. 187, 10 L. ed. 706.)

The surety is released by material alteration of the contract between the principal and the owner, to which he has not consented. (2 Brandt, Suretyship and Guaranty, sec. 747, and the cases there cited; *Barrett-Hicks Co. v. Glas,* 9 Cal. App. 491, 99 Pac. 856.)

Richards & Haga, for Respondents.

While appellant in the case at bar is not named in the body of the contract, he is nevertheless as firmly bound as

if he were named therein. (*Thompson v. Coffman*, 15 Or. 631, 16 Pac. 713; *Pequawkett Bridge v. Mathes*, 7 N. H. 230, 26 Am. Dec. 737; *Smith v. Crooker*, 5 Mass. 538; *Holmes v. State*, 17 Neb. 73, 22 N. W. 232; *Leith v. Bush*, 61 Pa. 395; *Scheid v. Leibshultz*, 51 Ind. 38; *General Electric Light Co. v. Gill*, 127 Fed. 241, 129 Fed. 349.)

When the owner of a building has paid the contractor the amount due on the contract, the contractor's surety is not entitled to foreclose a lien for materials furnished the contractor in carrying out his contract. (*McHenry v. Knickerbocker*, 128 Ind. 77, 27 N. E. 430; *Rynd v. Pittsburg Natatorium*, 173 Pa. 237, 33 Atl. 1041; 2 Brandt, Suretyship and Guaranty, sec. 754, and authorities cited; *Blyth v. Robinson*, 104 Cal. 239, 37 Pac. 904; *Kent Lumber Co. v. Ward*, 37 Wash. 60, 79 Pac. 485; *Ganahl v. Weir*, 130 Cal. 237, 62 Pac. 512; *Dietz v. Leete*, 28 Mo. App. 540; *Stephens v. Elver*, 101 Wis. 392, 77 N. W. 737; *Kiewit v. Carter*, 25 Neb. 460, 41 N. W. 286; *Eakins v. Frank*, 21 Mont. 192, 53 Pac. 538.)

Before a surety is released from performance of his contract or from liability as surety, he must show that the change in the contract is *material and substantial*. (*Stephens v. Elver, supra; Grafton v. Hinkley*, 111 Wis. 46, 86 N. W. 859; 1 Brandt, Suretyship and Guaranty, sec. 445; *Cooke v. School Dist.*, 33 Ky. Law Rep. 926, 111 S. W. 686; *New Haven v. Nat. Steam Economizer Co.*, 79 Conn. 482, 65 Atl. 959; *Benjamin v. Hillard*, 64 U. S. 149, 16 L. ed. 518; *Harper v. Nat. Life Ins. Co.*, 56 Fed. 281, 5 C. C. A. 505; *Fertig v. Bartles*, 78 Fed. 867; *Hooper v. Hooper*, 81 Md. 174, 48 Am. St. 509, 31 Atl. 508; *Anderson v. May*, 10 Heisk. 87; *United States v. Freel*, 92 Fed. 301; *Cambria Iron Works v. Keynes*, 56 Ohio St. 501, 47 N. E. 548; *United States v. Walsh*, 115 Fed. 697, 52 C. C. A. 419; *Dorsey v. McGee*, 30 Neb. 657, 46 N. W. 108; *Prescott Nat. Bank v. Head* (Ariz.), 90 Pac. 328; *Fuller Co. v. Doyle*, 87 Fed. 687; *United States v. Hodge*, 6 How. 279, 12 L. ed. 437.)

Admissions of principal are binding on surety. (2 Wigmore, Evidence, sec. 1077; Jones on Evidence, sec. 239; Elliott on Evidence, sec. 253.),

AILSHIE, J.—This action was instituted to foreclose a materialman's lien. A contract was entered into between J. W. Brown and the respondent, Minnie Keller, whereby Brown agreed to furnish all material and construct and complete a dwelling-house according to the draft thereto annexed. The draft annexed to the contract was a drawing and diagram of the floor plan of a dwelling-house, showing the dimensions of the various rooms, doors, windows, etc. In addition to being signed by Brown and Keller, the contract was also signed by W. T. Sanders, the appellant, and one N. H. Hon. No mention was made of the names of Sanders and Hon or of their liability in the body of the contract. It was therefore contended by the respondent, and it was found and held by the trial court, that Sanders and Hon were sureties on the contract. Of the correctness of this holding there can be but little room for doubt. (*Thompson v. Coffman,* 15 Or. 631, 16 Pac. 713; *Neil v. Morgan,* 28 Ill. 524; *Holmes v. State,* 17 Neb. 73, 22 N. W. 232; *Leith v. Bush,* 61 Pa. 395.)

The contract was signed by Brown and the sureties prior to its submission to and execution by Mrs. Keller. Sanders says that he did not see or examine any exhibits of plans or specifications attached to the contract. The contract itself is vague and uncertain as to the character of building to be constructed and of the manner of construction and detail in general. Brown erected the building, and in doing so apparently procured most of the lumber from his surety, Sanders. Brown placed his own construction and interpretation on the contract, and apparently built the building in accordance with this understanding of the purpose and intent of the contract. Several changes were made from that indicated by the draft and crude specifications attached to the contract. Brown was not present at the trial and did not testify in the case. Mrs. Keller testified that only one change was made by Brown at her instance and request, and that she paid Brown the extra charge for that change over and

above the contract price. She also paid a plumber for a change in the plumbing.

About the time of the completion of this work, and when Mrs. Keller was making final settlement for the contract, she procured from Brown a written statement to the effect that he had no charges against her for extras on account of building the house, except for five dollars for putting in a door in place of a window. She thereupon paid the extra five dollars, and paid either to Brown directly or to his order laborers and materialmen. the full contract price. Appellant thereafter filed his lien for materials furnished.

The evidence in the case fully sustains the findings made by the trial court to the effect that whatever changes were made in the construction of this building, except as to a door, were made by the contractor himself on his own motion. The record is quite clear to the effect that the building was constructed by the contractor upon his own interpretation and construction of the requirements of the contract and the plans and specifications which accompanied the same. It must be conceded that the contract and plans and specifications were extremely meager and left a great deal to be implied. The appellant, however, as surety for the contractor, should, in the absence of a showing of any fraudulent agreement or collusion between the contractor and respondent, be held to the construction and interpretation placed on the contract by appellant's principal, the contractor. The surety signed the contract for a purpose, and he must have either read and understood it or else left it to the judgment of the principal, and in either case it must be liberally construed with a view to accomplish the fair and reasonable intent of the parties. (*Beers v. Wolf*, 116 Mo. 179, 22 S. W. 620.) No change has been shown in the contract sufficient to release the sureties. (*Stephens v. Elver*, 101 Wis. 392, 77 N. W. 737; *New Haven v. National Steam Economizer Co.*, 79 Conn. 482, 65 Atl. 959; 1 Brandt on Suretyship and Guaranty, sec. 445.)

It is a well-established rule of law that the surety for a contractor on a building contract cannot maintain his action

for the foreclosure of a lien for materials furnished where the full contract price has been paid to the contractor. (2 Brandt on Suretyship, sec. 754; *Rynd v. Pittsburgh Natatorium,* 173 Pa. 237, 33 Atl. 1041; *Aste v. Wilson,* 14 Colo. App. 323, 59 Pac. 846; *Morse v. Mansfield,* 10 Wash. 373, 38 Pac. 1050; *Miles v. Coutts,* 20 Mont. 47, 49 Pac. 393; *Blyth v. Torre* (Cal.), 38 Pac. 640; *Stephens v. Elver,* 101 Wis. 392, 77 N. W. 737.) We should not feel like following this line of authorities, however, in a case where the whole contract price had not been paid prior to receipt of notice by the owner that the surety had a claim for material furnished. Where notice is given the owner would clearly not be justified in making further payments to the contractor to the injury of the surety. Respondent having paid the full contract price to the contractor Brown and on his orders should not be held by the surety for any greater sum on account of materials furnished.

It has been suggested by counsel for appellant that this contract did not include the plumbing for the building, and he introduces some evidence to the effect that under such a contract as this plumbing would not reasonably be included. Whatever may be conceded as to the correctness of that position generally, either in law or fact, it is fully established in this case that the plumbing was put in the building by the contractor on his own motion and of his own accord and was paid for on his order. We are confronted here with the proposition that the contractor evidently interpreted his contract as including the plumbing for the building. It is fully established that respondent never at any time ordered the plumbing put in or had anything to do with the plumbing contract, unless it was included in the original contract for the construction of the building. The contract was evidently construed by both the contractor and the owner of the building as including the plumbing.

Counsel for appellant has taken an exception to the admission in evidence of the written statement made by the contractor to the effect that he had no charge against respondent for extras, except five dollars for putting in a door instead

of a window. It seems to be a well-established rule of evidence that statements or admissions made by the principal in the course of the performance of the contract are binding on a surety. In such case they are held to be a part of the *res gestae*. (2 Wigmore on Ev., sec. 1077; 1 Elliott on Ev., sec. 253; Jones on Ev., 2d ed., sec. 238.)

We find no error for which a reversal of the judgment should be had. Judgment *affirmed*, with costs in favor of respondent.

Sullivan, C. J., concurs.