## Backenstoss Realty Corporation v. Koenig.

*Husband and wife—Joint contract with broker to sell realty—Tenants by entireties—Liability of survivor—Joint and several contract—Exclusive agency—Sale by owner.*

1. Where husband and wife contract with a broker to give them the exclusive right to sell realty which they own as tenants by entireties, such contract is both joint and several and is enforceable against the wife alone after the death of her husband, since she succeeds to the entire ownership and is, therefore, liable for services rendered under the contract.

2. It was not necessary that the contract be reaffirmed by the wife after the death of her husband where, under its terms, it had not expired.

3. Defendant is liable to the brokers under the exclusive agency given, even though she herself procured the purchaser.

*Assumpsit* by real estate broker for commissions. Statutory demurrer. C. P. Dauphin Co., Jan. T., 1927, No. 260.

*John R. Geyer,* for plaintiff; *James G. Hatz,* for defendant.

WICKERSHAM, J., April 27, 1927.—The plaintiff brought its action to recover from the defendant the sum of $1350, which is based upon a written contract signed by Albert Koenig and Salome V. Koenig, a copy of which is attached to plaintiff's statement and marked Exhibit A, which provides, *inter alia,* that, in consideration of the realty corporation agreeing to list in its office the property of Albert Koenig and Salome V. Koenig at No. 2101 North Sixth Street, in the City of Harrisburg, known as Maple Grove Hotel:

"I hereby grant to you the exclusive right to sell, or exchange, or to contract to sell or exchange said property within a period of twelve months from the date hereof, and thereafter until you receive from me a ten days' notice terminating this agreement, for the sum of $67,500.00; . . . and for this service I hereby agree to pay you the regular commission on the purchase price thereof as indicated by a schedule thereof, the receipt of which is hereby acknowledged, upon any sale or exchange, or contract for the sale or exchange of said property made while this agreement remains in force, whether such sale or exchange be made by you, by myself, or by any other person, firm or corporation for me; or whether at the price and upon the terms stated herein, or at a different price or upon other terms accepted by us.

"It is further agreed that upon any sale or exchange or contract for the sale or exchange of said property made by me within three months next after the termination of this agreement to any person with whom you have had negotiations for the sale or exchange of same and of which I shall have been advised, I shall pay you the full commission as herein indicated. . . .

"This agreement to bind as well the heirs, executors, administrators and assigns of the parties hereto as well as the parties themselves."

The defendant filed an affidavit of defence raising questions of law. All pertinent facts alleged in plaintiff's statement are, therefore, admitted to be true.

After alleging the execution of the contract, it appears, from paragraph 8 of plaintiff's statement, that the plaintiff did proceed to list the said property

in its office and to use its efforts to find a purchaser for the same, and did maintain its "for sale" sign on the said real estate, and did endeavor to interest all prospective purchasers in the sale of said property.

On April 29, 1920, the Backenstoss Realty Co., Inc., was organized as a Pennsylvania corporation, and all contracts of the Backenstoss Realty Company were assigned and transferred to the corporation, including the one upon which this suit is brought.

That, during the year 1920, L. G. Smith noticed the sign of the plaintiff upon the said property; he called upon the plaintiff and discussed with one of its officers the purchase price. After some discussion, he made an offer, in writing, to the plaintiff to buy the property for $45,000 for a clear title. This offer was not acceptable to the defendants and was rejected, and L. G. Smith was so notified. Thereafter negotiations continued between the said L. G. Smith and the owners of the property from time to time for the purchase of same. That Albert Koenig and Salome V. Koenig were tenants by entireties in the real estate proposed to be sold. Albert Koenig died April 17, 1922, and, by operation of law, all his right, title and interest in said lands then became absolutely vested in the other defendant, Salome V. Koenig. Ten days' written notice terminating the said agreement, marked Exhibit A, was at no time given by the said Salome V. Koenig or by the said Albert Koenig, or by any one on her behalf.

After the death of Albert Koenig, the plaintiff continued to list the said property in its office and continued its efforts to find a purchaser for the same. On or about May 23, 1922, the said Salome V. Koenig, the defendant, did sell the said real estate to the Brotherhood Relief and Compensation Fund, of which the said L. G. Smith was an officer, and for whom or in whose behalf he had been negotiating therefor, at and for the price of $45,000. The defendant, Salome V. Koenig, refused to pay to the plaintiff the 3 per cent. commission upon the purchase price.

The affidavit of defence raises three legal questions, the first being that the plaintiff's suit is founded upon a joint contract entered into by Albert Koenig and Salome V. Koenig; that the plaintiff was not able to produce a purchaser for the price of $67,500 during the lifetime of Albert Koenig, one of the joint contractors; and that the failure to perform according to the terms of the contract during the lifetime of Albert Koenig, one of the parties thereto, made performance thereafter impossible; and, further, the plaintiff did not produce a purchaser at the stipulated price within the limit fixed by the alleged contract.

The real contention of the defendant is that the contract was joint, and, one of the joint parties having died before performance of the contract on the part of the plaintiff, no liability attaches to the other joint party to the contract. This contention is not sound. The distinction between joint and joint and several contracts always had regard to the remedies, the parties being bound according to the tenor of the instrument to which they put their signatures. It is evidence against each of them, but the discharge of one by taking action against the other is the peculiarity which the statutes have taken away: Miller v. Reed, 27 Pa. 244. An obligation which, in its terms, purports to be that of one person, as "I hereby bind myself, etc.," and is executed by more than one, may be treated as the several obligation of each person who signs it or the joint obligation of all: Knisely v. Shenberger, 7 Watts, 193; Leith v. Bush et al., 61 Pa. 395.

We think the contract in controversy is a joint and several contract and may be enforced against the defendant, Salome V. Koenig. The contention

Backenstoss Realty Corporation *v.* Koenig.

that it is a joint contract has no merit, for the reason that, upon the death of her husband, the defendant succeeded by operation of law to all of his interests in the property and became entitled, on the sale, to the whole consideration. She obtained the benefit of this service and is liable to pay therefor.

There is no merit in the second contention of the defendant that there was no performance by producing a purchaser at the stipulated price within the time limited. The defendant herself sold the property to the corporation of which Smith was the president, after the death of her husband, for the consideration which he had agreed to pay on solicitation of the plaintiff. The defendant was liable, under the contract, to pay the commission whether the property was sold by the plaintiff or by her, because she had agreed to pay the commission of the plaintiff, whether the property was sold at the price and upon the terms stated in the contract or at a different price or upon other terms accepted. It is alleged in plaintiff's statement, and for the purpose of this proceeding must be taken to be a fact, that no notice was given by the defendant to terminate the contract as provided therein.

The third contention of the defendant is sound. A petition has been presented to amend the plaintiff's statement, which we have allowed.

There is no merit in the fourth and fifth contentions of the defendant. It was not necessary that the contract should be reaffirmed by the defendant on the death of her husband; it was her contract as well as his. Nor is it true that the defendant and her husband were never jointly liable. As we construe the contract, they would have been liable, jointly or severally, had they accepted the bid of L. G. Smith to purchase the property for $45,000 before the death of Albert Koenig. This contention, therefore, is not sound.

The amendment of the caption, including the record and the writ, as to the names of the parties being allowed, the affidavit of defence in the nature of a demurrer is overruled, and the defendant directed within fifteen days to file an affidavit of defence to the plaintiff's statement upon its merits.

From Homer L. Kreider, Harrisburg, Pa.