Trenton Rubber Company, a Corporation under the Laws of New Jersey, *v.* Samuel L. Small, Appellant.

*Practice, C. P.—Costs—Entry of security by nonresident plaintiff.*

Even where a rule of court provides that a nonresident plaintiff may be required to enter security for costs the court may, in its discretion, refuse to require plaintiff to give security unless the defendant sets forth in his affidavit of defense a just defense to the action.

*Costs—Discretion of court—Review of on appeal.*

The action on the part of the court being discretionary is not reviewable in the absence of evidence showing an abuse of discretion.

*Entry of judgment pending an order of stay.*

The court may enter a judgment for want of a sufficient affidavit of defense while an order staying proceedings pending disposition of a rule to show cause why a nonresident plaintiff should not enter security is pending. In such case a subsequent order discharging the rule for costs nunc pro tunc completes the record. The omission to record the order before entering the judgment is not such an irregularity as invalidates the judgment.

*Vendor and vendee—Order of inspection while goods are in hands of carrier.*

Where one orders an article to be manufactured and shipped to him, and the article is placed in the hands of the common carrier to be delivered to him without any qualification or restriction, he cannot successfully defend against an action for the price by merely alleging and proving that, after the article reached the place of consignment and was still in the exclusive custody and control of the carrier, the plaintiff or his agent refused him permission to examine it before paying freight charges and receiving it from the carrier.

Argued Oct. 19, 1896. Appeal No. 145, Nov. T., 1896, by defendant, from judgment of C. P. No. 1., Phila. Co., March T., 1896, No. 674, in favor of plaintiff for want of a sufficient affidavit of defense. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Appeal by defendant from judgment of magistrate, in assumpsit, in favor of plaintiff.

The record discloses: Statement filed May 4th. Affidavit filed May 22d. Rule for judgment July 8th. July 18th a rule entered by defendant against plaintiff for security for costs and proceedings to stay granted by the court. On September 22, 1896, during the pendency of the latter rule the court entered judgment against the defendant for want of a sufficient affidavit of defense. On September 26, 1896, a rule filed September 22, to discharge rule for security for costs as of September 22, 1896, was made absolute. On September 25, 1896, this appeal was taken.

Plaintiffs' statement discloses the following cause of action:

This action is brought to recover the sum of $90.00, with interest thereon from the 23d day of October, 1895; said sum is the amount due and owing to the plaintiff, which is a corporation under the laws of New Jersey, from the defendant upon a cause of action, whereof the following is a statement:

On May 21, 1895, defendant ordered plaintiff to manufacture or have manufactured for him, at his expense, a metal mold, to be used in the manufacture of washers. Subsequent thereto, and after the work had been commenced, defendant directed plaintiff to cease work upon said mold, as he proposed to have certain changes made therein; that plaintiff did cease work thereon until the 20th day of September, 1895, when defendant

directed them to finish said mold and ship it to him, where-upon it would be paid for; that plaintiff caused said mold to be finished, and shipped it to defendant on October 23, 1895; that defendant, although demand has been made upon him therefor, has wholly neglected and refused, and still wholly neg-lects and refuses, to pay the sum of $90.00, the cost of the manufacture of said mold, which sum, with interest thereon from the 23d day of October, 1895, plaintiff claims to recover from him in this action.

## AFFIDAVIT OF DEFENSE.

The defendant admits having instructed the plaintiff to con-struct for him a certain metal mold which was intended and designed to complete an invention of a metallic barrel bung. Defendant ordered said mold with the understanding that if upon examination it should be found to vary or be incorrect, the same would not be received.

The allegation in the statement of demand filed, that the mold was shipped on October 23, 1895, the defendant has no knowledge of, having never received notice thereof directly from plaintiff nor any one else, until as hereinafter set out, nor has the defendant ever received a bill of lading, as is usual and cus-tomary in such cases, from the plaintiff or any one else.

The defendant avers that the said plaintiff has and did have, at the time said mold was shipped, the proper and correct address of this defendant; the same being 237 North Front street, Philadelphia, Pa.

In the latter part of November, 1895, defendant received notice from plaintiff's counsel, Messrs. Chapman & Chapman, that the mold had been shipped to Philadelphia, and after the expiration of some time they informed defendant that same was at the Dock Street Freight Station of the Pennsylvania R. R. Company, in Philadelphia aforesaid.

Defendant avers that after a diligent search he discovered a wooden box at the station aforesaid, marked "S. L. Small, Philada.," which said box was in a very filthy and damaged condition. Defendant thereupon requested of plaintiff's coun-sel permission to examine the box and its contents, before receiving same, but the request was refused.

The defendant believes he had a proper and legal right to

examine the box and contents, and not having received permission so to do, he was justified in refusing to receive the same, or to pay for the metal mold without prior examination.

Judgment for plaintiff for $94.95.   Defendant appealed.

*Errors assigned* were (1, 2) entry of judgment.

*Samuel Noar*, for appellant.—It is submitted that the court below should not have entered judgment during the pendency of the rule staying proceedings.   The statement is insufficient to entitle plaintiff to judgment, inasmuch as it does not allege the contract price: Newbold v. Pennock, 154 Pa. 591; Fritz v. Hathaway, 135 Pa. 274.

*Francis Chapman*, of *Chapman & Chapman*, for appellee.— The true test as to the sufficiency of a statement of claim is that laid down in the case of Hutton v. McLaughlin, 1 Pa. Superior Ct. 642.   The goods having been generally consigned to the defendant, the consignor had no further control over them: Railroad v. Wireman, 88 Pa. 264.

OPINION BY RICE, P. J., November 9, 1896:

The practice of requiring of nonresident plaintiffs security for costs, is usually regulated by rule of court.   Whether or not the court below has such a rule, we are not informed, and, so far as the case before us is concerned, it is immaterial.   The court, in its discretion, may refuse to require the plaintiff to give security for costs unless the defendant sets forth in his affidavit a just defense to the action, and it was probably upon that ground that the order was refused in the present case.   We need not speculate as to that however; for, being a discretionary matter, and there not being the slightest evidence of an abuse of discretion, the action of the court in discharging that rule is not reviewable here.   Perhaps it would have been more regular if the court had disposed of it before, or at the time, it made absolute the rule for judgment for want of a sufficient affidavit of defense.   But the court had not so tied its hands that it could not enter judgment.   Having power to revoke the order staying proceedings, the entry of judgment may fairly be construed as an exercise of that power; and in this view of the

case, the court simply perfected the record when it discharged the rule for security for costs nunc pro tunc. The omission to record the order at the time of entering judgment was not such an irregularity as invalidated the judgment or harmed the defendant in any way.

The plaintiff's statement of claim sets forth the ingredients of a good cause of action with sufficient precision to require an affidavit of defense. The averments are, that the defendant ordered the plaintiff to manufacture for him, " at his expense," a metal mold, that the plaintiff manufactured the mold and shipped it to the defendant, and that the defendant has refused to pay the cost of the manufacture of the mold, which was $90.00. Under the contract alleged in the statement of claim, the plaintiff was entitled, prima facie, to recover the cost of the mold, and was not bound to aver or prove that the thing manufactured was reasonably worth in the market what it cost to manufacture it. Having been made for a special purpose it might have had no market value. Under the circumstances of this case the rule laid down in Ballentine v. Robinson, 46 Pa. 177, is applicable, and the plaintiff was entitled to sue for the value of the article manufactured and delivered, and recover the contract price. Here the contract price was the expense or cost of manufacture. If the amount demanded was more than the price ordinarily charged for the manufacture of such an article, or if it was defective in construction or material, it was incumbent on the defendant to aver it in his affidavit of defense.

The mold was delivered to the carrier, consigned generally to the defendant at Philadelphia without qualification or restriction, pursuant to the defendant's order to ship it to him when completed. The defendant admits that he had notice of its arrival at the carrier's freight office in Philadelphia, and does not allege that the carrier refused to deliver it to him, or to permit him to examine it before taking it away, or that it was defective in any particular or was not made as directed. He claims that he was justified in refusing to receive it because the plaintiff's counsel refused him permission to examine the box and its contents before doing so. But, as the mold had passed out of the control of the plaintiff—P. & R. R. Co. v. Wireman, 88 Pa. 264—it is difficult to see how this can constitute a de-

fense. It was not for the plaintiff or its counsel to grant or refuse the defendant's request to inspect the mold at that time and place. This was a matter between the defendant and the carrier, and the plaintiff was not under obligation to interfere to secure him the privilege unless there was a prior agreement to that effect. The defendant's averment that he ordered the mold " with the understanding that if upon examination it should be found to vary or be incorrect, the same would not be received " may mean, and probably does mean, no more than that it was his understanding that he should have the right to examine the mold before accepting it. It is not denied that he would have had that right even though he had taken it from the carrier's hands. But it is very certain that an allegation so vague and ambiguous cannot be construed to mean that there was an agreement that he should be given an opportunity to examine the mold before paying freight charges and taking it from the carrier. If there had been such an agreement, he would, undoubtedly, have averred it in clear and unequivocal terms.

Where one orders an article to be manufactured and shipped to him, and the article is placed in the hands of the common carrier to be delivered to him without any qualification or restriction, he cannot successfully defend against an action for the price by merely alleging and proving that, after the article reached the place of consignment and was still in the exclusive custody and control of the carrier, the plaintiff or his agent refused, him permission to examine it before paying freight charges and receiving it from the carrier.

Under the local act of April 14, 1846 (P. L. 328) defendants in appeals from justices of the peace were required to file affidavits of defense, wherever the cause of action was within the affidavit of defence law. This provision was not repealed by the procedure act of May 25, 1887 (P. L. 272).

Judgment affirmed.