## John F. Dodge *v.* O. S. Chessman and Mary R. Chessman, Appellants.

*Promissory note—Joint or several liability.*

An obligation which in its terms purports to be that of one person, as "I promise to pay," etc., and is executed by more than one, may be treated as the several obligation of each person who signed it, or the joint obligation of all.

*Parol evidence—Written contract.*

An allegation in an affidavit of defense that one of two joint makers of a promissory note was informed that a demand note would run one year cannot avail it being at variance with the note sued on.

*Costs—Discretion of court—Review of, on appeal.*

The refusal of the court to require plaintiff to give security for costs is not reviewable in the absence of evidence showing an abuse of discretion.

Argued April 10, 1899. Appeal, No. 29, April T., 1899, by defendants, from judgment of C. P. No. 2, Allegheny Co., April T., 1898, No. 1020, for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by ORLADY, J.

Assumpsit. Before the court in banc.

It appears from the statement that this suit was brought on a promissory note for $350 in the following words:

"$350.00                PITTSBURG, PA., April 26, 1897.

" On demand after date I promise to pay to the order of John F. Dodge, three hundred and fifty dollars at six per cent interest without defalcation, value received.

(Signed)              " O. S. CHESSMAN,
                      " MARY R. CHESSMAN."

An affidavit of defense was filed, in which defendants deny that they are indebted to the plaintiff in the sum of $338.65, and which sets forth, "while the note reads 'on demand' that no demand was made on defendants to pay the balance of $338.65, as claimed by plaintiff, who resides at Providence in the state of Rhode Island." Appellants further set forth a plea in abatement and bar to the misjoinder of the appellants for the reason that the appellee should have filed a separate suit against each of the appellants, and not against them jointly. That all the interest was paid to August 23, 1897, and appellants were informed and believed that the note would run one year, which would make the demand for payment August 23, 1898, and the appellants averred that the note was not due and payable as claimed by appellee and that the suit in this case was premature and irregular.

Verdict and judgment for plaintiff for $353.98. Defendants appealed.

*Error assigned* was discharging rule for judgment and discharging rule to show cause why plaintiff should not file real estate security in the sum of $100 within thirty days from notice as required by law, the plaintiff being a nonresident of the state of Pennsylvania.

*Frank C. Whitesell*, with him *William W. Whitesell*, for appellants.—The appellants in this case filed their affidavit of defense in accordance with the rulings of the Supreme Court as pointed out in the cases of McPherson v. Allegheny National Bank, 96 Pa. 135, and Knerr v. Bradley, 105 Pa. 190; yet the court refused to discharge the rule for judgment and denied the defendants the right of a trial by jury.

*Jas. W. Collins*, for appellee.—The parties have put their agreement in writing. The allegation that the note would run for one year was not admissible under Martin v. Berens, 67 Pa. 459. See also Clark v. Allen, 132 Pa. 40.

The court below committed no error in discharging the rule on plaintiff to give security for costs. "The court, in its discretion, may refuse to require the plaintiff to give security for costs unless the defendant sets forth in his affidavit a just

defense to the action : " Trenton Rubber Company v. Small, 3 Pa. Superior Ct. 8.

The note in this case is the joint and several obligation of the makers. "If the words are 'I promise to pay' and there are many promisors, it is the several promise and the joint promise of all : " Parsons on Notes and Bills, 251. To the same effect are Leith v. Bush, 61 Pa. 395, and Knisely v. Shenberger, 7 Watts, 193.

OPINION BY ORLADY, J., July 28, 1899 :

The plaintiff brought suit on a promissory note in the following form :

"$350.00　　　　　　　PITTSBURG, PA., April 26, 1897.

"On demand after date I promise to pay to the order of John F. Dodge, three hundred and fifty dollars at six per cent interest without defalcation, value received.

(Signed)　　　　　　　" O. S. CHESSMAN.
　　　　　　　　　　　　" MARY R. CHESSMAN."

An affidavit of defense was filed in which the defendants deny the plaintiff's right to sue them jointly; and that any demand for payment was made before the suit was brought, and they allege that all interest due on the note was paid to August 23, 1897, and that one of the defendants was informed and believed that the note would run one year, which would extend the time for payment until August 23, 1898. A judgment was entered for want of a sufficient affidavit of defense. An obligation, which in its terms purports to be that of one person, as " I hereby bind myself," etc., and is executed by more than one, may be treated as the several obligation of each person who signed it, or the joint obligation of all: Knisely v. Shenberger, 7 W. 193 ; Leith v. Bush, 61 Pa. 395.

The parol agreement even if sufficiently alleged with one of the makers is entirely at variance with the promissory note sued on, and cannot avail under the decisions of Martin v. Berens, 67 Pa. 459 ; Clarke v. Allen, 132 Pa. 40 ; Ziegler v. McFarland, 147 Pa. 607. See also cases cited in P. & L. Dig of Dec. & Enc. of Pa. Law, 300.

As the court below properly entered judgment for want of a sufficient affidavit of defense, the defendant was not injured by

the refusal to require the plaintiff to give security for costs on account of being a nonresident of the state: Trenton Rubber Co. v. Small, 3 Pa. Superior Ct. 8.

The judgment is affirmed.