## Snively *v.* Fisher, Appellant.

*Judgment—Opening judgment—Reformation of note—Evidence.*

Where the execution of a judgment note is admitted and the proceeding to open the judgment entered on the note is, in effect, an application to reform the note, a mere conflict between the testimony of the plaintiff and the testimony of the defendant, standing alone, is not sufficient.

In an application by a son to open a judgment entered on a note signed by his mother and himself, it appeared that the note began with the capital letter "I," followed by the name of the mother, and that the word "attest" was in the left-hand corner. The son testified that he intended to sign the note as a witness, and not as a co-obligor with his mother, and that by mistake he wrote his name in the blank indicated in the paper as the place for the signature of an obligor. The obligee testified positively that the son signed the note as surety, and that it was so understood. The son prepared the note and did not sign it in haste or without inspection. The mother testified in her examination in chief that the son signed only as a witness, but on cross-examination she showed that she had no distinct

recollection of the facts.  *Held*, that the court below rightfully exercised its discretionary power in refusing to open the judgment.

*Principal and surety—Judgment note—Discharge of surety.*

A promise made by the payee of a judgment note to the principal obligor of the note that he will not enter the note of record will not discharge the surety on the note where no consideration has been shown for the promise.

Argued May 7, 1902.  Appeal, No. 41, April T., 1902, by defendant, from order of C. P. Somerset Co., Sept. T., 1899, No. 297, discharging rule to open judgment in case of J. E. Snively v. M. J. Fisher and A. S. Fisher.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D: PORTER, JJ. Affirmed.

Rule to open judgment.  Before LONGENECKER, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule to open judgment.

*A. V. Dively* and *J. Banks Kurtz*, with him *J. A. Berkey*, for appellant.—As a general rule a judgment should not be opened upon the defendant's oath alone, when he is contradicted by the plaintiff, but where there are corroborative circumstances, or circumstances from which inferences may be drawn corroborative of the defendant, it is proper to open the judgment and refer the question to a jury.  In this case, A. S. Fisher is corroborated by the testimony of M. J. Fisher, and by the face of the note, while J. Espey Snively stands alone : Stockwell v. Webster, 160 Pa. 473 ; Mangan v. McHale, 6 Kulp, 459 ; Steiner v. Scholl, 163 Pa. 465 ; Armbrust v. Kennedy, 7 Kulp, 520 ; Jenkintown National Bank's Appeal, 124 Pa. 337 ; Klopfer v. Ekis, 155 Pa. 42 ; Mullen v. Mageoch; 14 W. N. C. 127.

Any agreement upon consideration between the creditor and the principal for the extension of time to the principal, without the surety's consent, will release the surety : Henderson v. Ardery, 36 Pa. 449 ; Zane v. Kennedy, 73 Pa. 182 ; Siebeneck v. Anchor Savings Bank, 111 Pa. 187 ; Hutchinson v. Woodwell, 107 Pa. 520 ; Tull v. Serrill, 1 W. N. C. 373.

*W. H. Koontz*, with him *J. G. Ogle*, for appellee, cited :

Cullmans v. Lindsay, 114 Pa. 166; Walter v. Fees, 155 Pa. 55; Jenkintown Nat. Bank v. Fulmor, 124 Pa. 337.

OPINION BY RICE, P. J., July 10, 1902:

Judgment was entered against M. J. Fisher and A. S. Fisher upon the following instrument:

"$800.00.    I, M. J. Fisher, acknowledge to owe and stand indebted to J. Espey Snively, his executors, administrators, heirs or assigns, in the sum of eight hundred dollars for value received, payable as follows: one year after date, with interest from date, and hereby authorize and empower any attorney of the court of common pleas of Bedford county, or of any other court of record of Pennsylvania, or elsewhere, to appear and after statement filed, confess judgment for the above sum, payable as aforesaid, with interest as aforesaid, attorney's commission, costs of suit, release of errors, with        stay of execution, and also waive the right of inquisition on any real estate that may be levied on and agree to a condemnation thereof, and that the same may be sold on a fi. fa. and hereby waive all laws exempting property from levy and sale on execution, and particularly the act of 1849.

"Witness my hand and seal this 31st day of May, A. D. 1887.

"M. J. FISHER,    [Seal]
"Attest:                                   A. S. FISHER,    [Seal]."

A. S. Fisher obtained a rule to show cause why the judgment should not be opened as to him.    This is an appeal from the order discharging that rule.    The ground of his application was that he intended only to witness the signature of M. J. Fisher and not to become a co-obligor with her.

In the absence of clear proof of fraud, accident or mistake the paper would be construed to be the joint and several obligation of the signers, upon the principle recognized and applied in Leith v. Bush, 61 Pa. 395, Knisely v. Shenberger, 7 Watts, 193; Dodge v. Chessman, 10 Pa. Superior Ct. 604.    The appellant does not dispute this proposition, but argues that the phraseology of the note is corroborative of his testimony that he intended to sign only as a witness and by mistake wrote his name in the blank indicated in the paper as the place for

the signature of an obligor. But on the other hand it will be noticed that the place for the signature of a witness was very plainly indicated, and the uncontradicted testimony shows that he prepared the note for execution, that he did not sign in haste without inspection, and that he was not misled by anything that was said at the time the note was executed. These circumstances more than counterbalance any possible effect that the phraseology of the note might have, as corroborative of his testimony that he signed in the wrong place by mistake.

It is argued further that the appellant was corroborated by the testimony of M. J. Fisher, the principal obligor. It is true that in her direct examination she testified that the appellant signed only as a witness but the effect of this testimony was wholly destroyed by her cross-examination, which we quote:

" Q. Mrs. Fisher, you say that you don't remember what conversation took place at the time this note was signed? A. Really I do not, except that he gave me the note. Q. You don't remember what Mr. Snively said at the time? A. I do not. Q. You don't remember what you said at the time? A. I don't remember anything about it; it is so long since. Q. You don't remember what Mr. Fisher, your son, said at that time? A. No, I don't; I don't remember scarcely anything at all about it, I know I gave him the note." In view of these admissions it needs neither argument nor citation of authority to show that the testimony of this witness was based on no such distinct recollection of the facts as is required when the attempt is to reform a written instrument by parol evidence of mistake.

There is, then, the testimony of the appellant, to the effect heretofore stated, opposed by the positive testimony of the plaintiff, to the effect, that the note in question was accepted in place of a former note on which the appellant's father was surety, the appellant's statement being that " he would make out another note and he would go on as bail," and that pursuant to this understanding the appellant " drew up this note in suit and signed it as bail.

An application to open a judgment entered on a warrant of attorney is addressed to the equitable powers of the court, and while it has been said that the measure of proof required to send a case to the jury cannot be defined by rule, yet all of the

cases decided since the passage of the act of 1877, agree in holding that where execution of the instrument is admitted and the proceeding is, in effect, an application to reform it, a mere conflict between the testimony of the plaintiff and the testimony of the defendant, standing alone, is not sufficient.

Upon the hearing in the court below, but not in his petition upon which the rule to show cause was granted, the appellant urged that he was discharged by reason of a promise made by the plaintiff to M. J. Fisher, the principal obligor, that he would not enter the note of record. The time when this promise was made does not clearly appear; but we think the court was right in holding that it did not discharge the appellant from liability, because it was not shown to have been made on any consideration, and, therefore, was not binding. See Shaffstall v. McDaniel, 152 Pa. 598, and cases cited on p. 602.

Upon a review of the whole case we conclude that the court rightfully exercised the discretionary power vested in it in refusing to open the judgment.

Order affirmed and appeal dismissed at the costs of the appellant.