Kurie v. Dodson Day School.

## Kurie v. Dodson Day School. No. 2.

*Practice, C. P.—Non-residents—Security for costs.*

1. Where the depositions show that the plaintiff resides in this State, and is supporting herself, and has no present intention of removing from the State, those facts are controlling, and she is not required to enter security for costs.

2. *Semble.* Where a non-resident comes into the jurisdiction under a contract of employment, and, upon being discharged, seeks and obtains other employment within the jurisdiction of apparently a permanent character, an inference arises that she either came into the jurisdiction *animo manendi* or subsequently acquired the intent to remain.

*Assumpsit.* Rule on plaintiff to enter security for costs. C. P. Northampton Co., Dec. T., 1926, No. 63.

*Booth & Barthold*, for plaintiff; *Herbert J. Hartzog*, for defendants.

STEWART, P. J., Feb. 14, 1927.—One of the defendants, in her own behalf and in behalf of a co-defendant, filed an affidavit in which she alleged "defendants have a just defence to the whole demand in the above case." She further alleged that the plaintiff, at the time of bringing this suit, resided and still resides out of this State, namely, in the City and State of New York, but admitted that the plaintiff had a temporary lodging within the State at the time suit was brought. She further alleged that it would be necessary for the defendants, in their defence, to call witnesses from various parts of the United States of America and from Europe, and that, necessarily, the defendants would be put to great expense in procuring them. She, therefore, asked that the plaintiff be compelled to enter security for costs in a sum ample for the circumstances of this case, all proceedings to stay. The plaintiff filed an answer, in which she denied that she was a non-resident, and averred that she was residing in the State, and had no present intention of moving away, and also answered that the testimony of any witnesses could be taken by depositions, and averred, further, that the affidavit was insufficient because it did not set out the particulars of the defence. We have not considered this latter answer to the petition because, after hearing the depositions, we think that the plaintiff is not required to enter security for costs. The rule of court is as follows: "Where the plaintiff resides out of the State at the time of suit brought, or subsequently removes therefrom, the defendant, on affidavit of a just defence to the whole demand, may have a rule of course on the plaintiff to enter security for costs within thirty days after notice of the rule, or show cause to the contrary, and in the meantime the proceedings shall stay; in default of compliance with this rule, judgment of non-suit may be entered." It appears from the depositions that plaintiff is not a minor. She came to Bethlehem with the intention of teaching in the "Dodson Day School" for the year beginning Sept. 20, 1926. There was a written contract signed by her and the affiant for the rule. After she was discharged, she did not move out of the State, but continued to teach in Allentown, where she now resides.

Kurie v. Dodson Day School.  No. 2.

The depositions must be read as a whole. It appears that this young lady has been engaged for a number of years in supporting herself in various positions, and while, no doubt, her parents would help her if she needed help, yet the testimony shows that for years she has been engaged in work that has enabled her to live. Her case is not like that of the clergyman in Appleton v. Ruth, 15 W. N. C. 127, who desired to retain his residence in Pennsylvania for the reason that, according to ecclesiastical law, he was a member of the Diocese of Pennsylvania, although he lived in New Jersey. Nor is it like Hansen v. Ackley, 2 W. N. C. 569, where the plaintiff was a sailor, and his business took him from port to port. It is interesting to consider the opinions in these cases. In the first one, there was an oral opinion by Ludlow, P. J. He said: "Technical residence is not enough when the person has really withdrawn himself from the jurisdiction. Security for costs should be entered when a man is substantially a non-resident, although he may technically be within the jurisdiction. The question is, can you serve him with process?" In the latter case, Hare, P. J., said: "I doubt if the rule applies in the case of a man actually within the jurisdiction of the court, but we will examine the authorities." Mitchell, J., said: "The plaintiff swears he voted last in Buffalo. He must, therefore, have been a citizen and resident of that place, and the legal presumption is that his domicile continues there until he has acquired a new one by going to another place animo manendi. Does his affidavit disclose any certain intention to remain and acquire a domicile in Philadelphia?" We have examined the elaborate opinion of Mr. Justice Agnew in Fry's Election Case, 71 Pa. 302. The question he was there considering was a contested election case in the City of Allentown. It depended upon the votes of certain students of Muhlenberg College, who were divided into two classes. The present plaintiff would not come within either class, and the technical discussion of the opinion cannot apply to the present case. The same may be said as to Taney's Appeal, 97 Pa. 74, cited by the learned counsel for the plaintiff. It does not apply to the facts of this case. While we would not hold that it is a matter of discretion on the part of the court to grant or refuse rules like the present, yet Trenton Rubber Co. v. Small, 3 Pa. Superior Ct. 8, indicates that the discretion of the court plays some part in the decision of these matters, and in the present case, under the depositions taken, we do not think plaintiff should be required to give security for costs.

And now, Feb. 14, 1927, rule to show cause why the plaintiff should not enter security for costs is discharged.     From Henry D. Maxwell, Easton, Pa.