## Schmick v. Ritchey

*K. L. Shirk*, for plaintiff.

*George T. Hambright* and *John E. Malone*, for defendant.

SCHAEFFER, J., May 19, 1933.—In this action of assumpsit for celery sold and delivered by plaintiff to defendant a rule was taken by defendant for security for costs on the ground that plaintiff was a nonresident of the State. It is admitted in the pleadings that plaintiff is a resident of Elmira, N. Y., but is the owner of real estate situated at 641 South Prince Street, Lancaster, Pa., free of encumbrances and of sufficient value to protect defendant for any costs incurred in this proceeding. It is also admitted in the pleadings that plaintiff is engaged in business in Lancaster County, owning and operating an ice cream manufacturing plant and having places of business for the retail and wholesale sale of ice cream therein.

Rule 27, sec. 1, of the rules of the Court of Common Pleas of Lancaster County provides as follows: "Section 1. In all cases where the plaintiff resides out of the State, the defendant, upon filing a petition, may have a rule on the plaintiff to enter security for costs within 15 days after notice, and in the meantime all proceedings shall be stayed; and upon proof of default filed the court shall enter a judgment of non pros."

Prior to the adoption of the above rule of court on December 20, 1931, a similar rule of court was in force in qui tam actions. This rule of court is not unreasonable or contrary to law. However, its construction and application under the particular facts of this case require consideration. In Trenton Rubber Company v. Small, 3 Pa. Superior Ct. 8, 11, it was stated that: "The practice of requiring of nonresident plaintiffs security for costs, is usually regulated by rule of court. . . . The court, in its discretion, may refuse to require the plaintiff to give security for costs unless the defendant sets forth in his affidavit a just defense to the action . . ." In Kurie v. Dodson Day School (No. 2), 9 D. & C. 453, the court refused to require plaintiff to give security for costs mainly because it was found that plaintiff resided in Pennsylvania and not in New York, being employed in Pennsylvania and having no present intention of removing from Pennsylvania. In the opinion appears the following: " 'Security

for costs should be entered when a man is substantially a non-resident, although he may technically be within the jurisdiction. The question is, can you serve him with process?' . . . 'I doubt if the rule applies in the case of a man actually within the jurisdiction of the court, . . .' "

In Thomas v. Gibbons, 25 Pa. C. C. 28, the court in its opinion said, relative to the plaintiff: "He is now actually out of the state, and, so far as it appears, there is no place in the state where process could be served upon him. This is the test."

The rule is different with regard to a foreign corporation registered to do business in Pennsylvania and having a place of business therein. It may be required to give security for costs because it has been held that it still continues a resident of the State wherein the corporation was incorporated, and for all purposes is a nonresident corporation. As such it may remove proceedings to the United States courts: J. L. Mott Iron Works v. S. Faith & Co., 23 Pa. C. C. 665. In Dalton et ux. v. Bateson, 12 Pa. C. C. 544, the plaintiffs were ordered to enter security for costs on the ground of nonresidence. It appeared that the wife, who was one of the plaintiffs, owned real estate in the City of Philadelphia but resided in Maryland and intended to change her residence to Philadelphia before the case could be reached for trial. In this case there was no place for service of process in this State.

Under rule 27, sec. 2, of our local rules of court, even a resident plaintiff under certain circumstances may be required to give security for costs. It seems therefore that in the instant case both questions as to place of service in this State and the protection afforded by proper service for costs should be taken into consideration by the court.

Although the rule of court in question, rule 27, sec. 1, contains no exception, nevertheless the court is of the opinion that under the particular facts of this case and under the exercise of its discretionary power the plaintiff should not be compelled to enter security for costs in this suit until or unless his present status herein referred to changes.

And now, May 19, 1933, the rule to show cause why plaintiff should not enter security for costs is discharged.

Rule discharged.                    From George Ross Eshleman, Lancaster, Pa.