JOHNS v. BOLTON.

SAME v. SAME.

1. Defendant is entitled to add a plea after issue joined, though he might prove the same defence under the plea on the record.

2. A plea in bar, after issue joined of matters arising since the issuing of the writ, need not be pleaded *puis darrein continuance;* and it seems that such a plea does not, since the Act of 1806, waive any of the former pleas.

3. An attorney is a competent witness for his client; but the Court may prevent him addressing the jury, in a cause in which he has testified.

4. An assignment stipulating for a release, excepting the household furniture of the assignors, *and* property exempt from execution, is voidable; but until an election by creditors to avoid it, conveyances by the assignees for value received by them are valid.

5. Where a promissory note has been given for part of the debt for which a mechanic's claim has been filed, the amount may be recovered by the claimant holding the note which had been dishonoured.

6. The six months allowed for filing a mechanic's claim does not begin to run until extra work done at the request of the owners was finished, although the work which had been specially contracted for had been previously completed.

IN error from the Common Pleas of Montgomery.

*Dec. 24.* These were two cases of *scire facias* upon mechanic's liens, with notice to the *terre tenant*. The claims were filed March 9, 1843, and were not liens until made so by the Act of 1845; because the work was done and materials furnished under a special contract between the plaintiffs and the owners of the land: S. C. 5 Barr, 145.

The *scire facias* issued in 1843, and the defendants pleaded payment, &c., and the *terre tenant* "no lien." Afterwards, and before the jury was sworn, the *terre tenant* pleaded that since the issuing of the writs the premises had been sold under judicial process issu-

ing out of the Common Pleas of Montgomery, and the lien divested. This was overruled; apparently the Court refused to permit it to be filed, for there was neither replication, demurrer, nor judgment thereon.

The material facts were these:—On the 8th of March, 1843, the defendants, owners of the premises, executed an assignment, stipulating for a release in trust for creditors, of all their property of every kind, " excepting, nevertheless, the household furniture which they the said" assignors " now have, and such articles as are by law exempt from execution."

Prior to this assignment the defendants had mortgaged.the land to one Briestel for $1200, and also to one Souders for $3075.

On the 8th March, 1843, and before the passing of the Act rendering the claims sued on valid liens, the assignees of the defendants sold and conveyed the premises to Hudson, the present terre tenant, in consideration of $3750.

In January, 1845, the assignees settled an account in the Court of Common Pleas, in which they charged themselves with this amount as received from the sale of the premises, and took credit for the same sum paid on the above-mentioned mortgages of Briestel and Souders.

These facts, viz. the assignment and the subsequent proceedings, and the record of a proceeding and judgment on one of the mortgages, with payment thereof by the terre tenant, also payment by the terre tenant on account of the other mortgage of $2167, which two payments made up the amount of the purchase-money, were offered in evidence, but rejected by the Court.

The facts on which the remaining points arose were: 1. Before the lien was filed, the defendants gave to the plaintiff a note on account of the work done, which was dishonoured and taken up by the plaintiffs.

The Court (KRAUSE, P. J.) instructed the jury that this amount could be recovered if the facts were as above stated.

2. The Court admitted the attorney to prove facts material to this point, and it was said that he afterwards addressed the jury.

3. There was evidence that the work had been completed so far as the contract required, more than six months before the claim was filed.    Within the six months, extra work was done at the request of the defendants by the plaintiffs.    The Court considered the six months began to run from the completion of the extra work.

*J. Freedley*, for plaintiffs in error.—The plea should have been received: 5 Wharton, 170. The attorney should not have been received as a witness. It is impossible for a jury to discriminate what assertions are made as matter of argument, and what as testimony: Pa. Law J. (1847), 429, 431. The assignment was voidable only, and acts of the assignee are all valid until it is avoided. Of consequence titles made by him are valid, and the creditors must look to the proceeds: 9 W. & S. 156; 4 Barr, 430; 4 Paig. 23, 42; 5 W. & S. 100; 4 Barr, 274; 7 Id. 500; 4 Binn. 42; 6 Price, 495; 6 Watts, 93. The evidence was clearly sufficient to show the payment of the purchase-money. The charge against the assignees, who were also trustees, for the plaintiffs, and which they admitted was received, was certainly evidence for the jury of the fact of payment.

*Sterigere* and *May*, contrà.—The plea was in substance already pleaded. Nothing was admissible under it which could not have been proved under the pleas already on the record. In 5 Wharton, 170, there was no such plea. But it was *puis darrein continuance*, and this was not so pleaded, nor were the former pleas withdrawn: Steph. Pl. 65; 2 Watts, 451; 4 Rawle, 97. Besides, the evidence shows that the party was not entitled to plead, for he was not *terre tenant*.

The record does not show that the attorney who was called as a witness did address the jury. But that is a matter for the Court below: 1 Dall. 241; 1 S. & R. 32; 3 Wh. 34; 17 S. & R. 312. That the assignment was invalid against creditors will not be disputed: 5 Rawle, 221; 6 W. & S. 300; 4 Barr, 448. And there was no evidence of payment of the purchase-money. The acts of the assignees were mere nullities, for they were acting under a void instrument.

*Jan. 2.* ROGERS, J.—The principal controversy is between the owner of the mechanic's lien and the *terre tenant*, who takes defence *pro interesso suo*. Before the jury were sworn, the *terre tenant* offered to plead in bar that the premises on which a lien was claimed had been sold under judicial process, and the lien of the claim, if any, thereby discharged. This plea, if true, was an answer to the demand of a lien against the land in the hands of a lawful purchaser, and if defective in substance or form, the subject of special or general demurrer. It is nothing to the purpose that the same

matter of defence may be made on the general pleas, as the party has a right, of which he cannot be deprived, of bringing his case before the Court, either in the form of a special plea on the plea of payment, or the general issue. This is ruled in Roberts *v.* William, 5 Wh. 186—a case very much like the present. Nor is it any objection that it was not pleaded *puis darrein continuance.* The distinction as to such pleas has no place here since the Act of 21st March, 1806, which allows the defendant to alter his plea of defence on or before the trial of the cause. The amendment is a matter of right, and, if refused, it is error, as has been repeatedly ruled. The Act secures the right to the adverse party, if taken by surprise, to have the trial postponed until the next term. It has never been supposed that when a plea is added on the trial, although after the last continuance, all other pleas were withdrawn. Such a decision would be destructive of all the beneficial effects of the statute. It is not regarded as a substitution, but an additional plea, of which the party has the benefit by force of the Act.

That the Court cannot prevent an attorney from being a witness, is ruled in Fear *v.* Drinker, 8 Barr, 520. But that they may not prevent him from addressing the jury, has not yet been decided, although perhaps an intimation to that effect may be discerned in the case cited. Here the exception is to Mr. Sterigere as a witness on the ground that he cannot act in the double capacity of attorney and witness. This exception is not well taken, and he is a competent witness, as is there ruled, notwithstanding he is counsel. Had the objection been to his addressing the jury after testifying for his client, a different question would be presented, on which it is not my intention to express any decided opinion. Perhaps such a power may be necessary to be exercised, however, by the Court trying the issue, under particular and peculiar circumstances, and under a sound discretion.

When the case reported in 5 Barr, 151, was before the Court, it was reversed, because the Court of Common Pleas took for granted that was the turning point of the cause, that the *terre tenant* was a purchaser for value actually paid. It was the opinion of this Court on the former hearing, that if the *terre tenant* was a *bonâ fide* purchaser, having paid the purchase-money, his title could not be disturbed. The cause was sent down for another trial, with an intimation that it ought to be left with the jury, with a direction to find for the *terre tenants* generally, if they shall prove that they have paid the entire purchase-money, not merely secured it; and

for the plaintiff to the amount of the unpaid residue, if their demand shall reach so far. On the former trial, it was taken for granted that the assignment, which is the foundation of the *terre tenant's* title, was valid; whereas, as is ruled by the Court, it is void: and this brings up the question whether the Court erred in excluding the evidence included in the ninth exception. The Court of Common Pleas seems to have proceeded on the erroneous assumption that, inasmuch as the assignment is void, no title passed to the purchaser, although he paid in good faith all the purchase-money, and the money was paid over to the creditors. According to the case already cited, Hennessey v. The Western Bank, there is no doubt the assignment is at least voidable, because the assignors stipulated for a release, and except from the assignment their household furniture *and* such articles as by law are exempt from execution. Had the deed contained nothing more than a reservation of such articles as are exempt by law, there would be great force in the argument that it does not avoid the instrument; but that this is a sound construction of the assignment, is too clear to admit of doubt. The reservation extends to all their household goods, of whatever description or value, and, in addition, such articles as are exempt by law. The indication of intention is conveyed in language which it is difficult to misunderstand. But although the deed of assignment is voidable, it does not follow, as is ruled in Okie v. Kelly, decided at this term, that the title of the purchaser is worthless. This depends on the payment of the purchase-money and the distribution of the proceeds among the creditors, as is conclusively shown in the case cited, the reasoning of which it is unnecessary to repeat. But it is now contended that the evidence offered was insufficient to prove payment, but it cannot be doubted the proof was proper to be submitted to the jury; and, I may add, that the evidence in Okie v. Kelly, which was adjudged sufficient proof of payment, was not stronger, if indeed so conclusive, as the evidence excluded by the Court. All the other errors, sixteen in number, have been abandoned, except the eighth, and the answer to the seventh point and these are overruled, for the reasons given by Judge KRAUSE.

Judgment reversed, and a *venire de novo* awarded.