B. F. Rynd *v.* The Pittsburg Natatorium, Appellant, Lessee or Owner, or Reputed Owner, and Kountz Brothers, Contractors.

[Marked to be reported.]

*Mechanic's lien—Subcontractor—Principal and surety—Building contract—Covenant against liens.*

A subcontractor who becomes a surety for the contractor to indemnify the owner against "all charges, claims, liens, mechanics' liens, or any incumbrance or debt in the nature of a lien or charge of any kind whatsoever," cannot file a lien where the building contract provides that before final settlement, the contractor shall furnish the owner "a release of liens properly signed and attested to by all parties that would have a legal right to file liens against said building."

In such a case, as the necessary legal effect of the subcontractor's contract as a surety is that he will be bound to discharge a lien in his own favor the moment it is obtained, he must be held to have waived all right to file such a lien.

A provision in a building contract that before final settlement the contractor shall furnish the owner "a release of liens properly signed and attested to by all parties that would have a legal right to file liens against said building," is not a covenant against liens, but a full recognition of the right to file liens by anybody having furnished labor or materials.

Argued Nov. 5, 1895. Appeal, No. 229, Oct. T., 1895, by the corporation defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1892, No. 392, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Scire facias sur mechanic's lien. Before EWING, P. J.

At the trial it appeared that on September 14, 1889, Kountz Brothers entered into a contract with the Pittsburg Natatorium, a corporation, to build a natatorium building. The 9th clause

of the agreement provided as follows : " Before final settlement the parties of the second part shall furnish the party of the first part a release of liens properly signed and attested to by all parties that would have a legal right to file liens against said building." B. F. Rynd furnished material for the building to the amount of $1,411.46. Rynd became the surety of Kountz Brothers on a bond conditioned as follows :

" Now, the condition of this obligation is such that if the said principal obligors shall well and faithfully perform said contract and complete and deliver said building to said obligee, its successors or assigns, on or before the first day of March, 1890, free from all charges, claims, liens, mechanics' liens, or any incumbrance or debt in the nature of a lien or charge, of any kind whatsoever, without any fraud or further delay, then this obligation to be void, else to be and remain in full force and virtue."

Rynd filed a mechanic's lien for the materials which he had furnished.

Defendant's points, among others, were as follows :

1. The contract under the provisions of which the lien in this case is filed, providing that the contractor shall deliver to the defendant the building constructed under said contract, free and discharged from all liens, and also that before final payment shall have been made said contractor shall furnish the defendant corporation a release from all parties having the right to lien the building for material or labor, the plaintiff or lienor being surety for the faithful performance of the terms and conditions of said contract, and such bond of surety providing that said building shall be erected in strict conformity with the terms and conditions of said contract, and delivered to the defendant corporation free from all liens and charges, and especially mechanics' liens, the plaintiff being surety, as aforesaid, has waived his right to lien the building constructed under said contract, and the lien sued upon in this case has no validity and your verdict should be for the defendant. *Answer :* The first point is refused. We are of the opinion that the contract does not prohibit the filing of a lien by either the original contractor or by the subcontractor. [1]

3. The verdict under all the evidence in the case must be for the defendant. *Answer :* The third point is refused. [3]

Verdict and judgment for plaintiff for $1,828.79.   Defendant appealed.

*Errors assigned,* among others, were (1, 3) above instructions, quoting them.

*A. M. Neeper,* for appellant.—Mr. Rynd has waived his right to file a mechanic's lien against the building by reason of having waived such right by signing the bond of suretyship : Benedict v. Hood, 134 Pa. 289 ; Cresswell Iron Works v. O'Brien, 156 Pa. 172.

*Levi Bird Duff, J. Charles Dicken* with him, for appellee.—In order to prevent a contractor or subcontractor from filing a lien against a building there must be an express covenant from the language employed : Evans v. Grogan, 153 Pa. 121 ; Nice v. Walker, 153 Pa. 123 ; Murphy v. Ellis, 153 Pa. 133 ; Iron Works v. O'Brien, 156 Pa. 172.

A contractor has a right to file a lien under a contract providing for a release of liens : Moore v. Carter, 146 Pa. 492. His surety certainly has an equal right.

OPINION BY MR. JUSTICE GREEN, January 13, 1896 :

There is nothing in the original contract between Kountz Bros. and the defendant that would prevent the plaintiff from filing his lien and recovering upon it.   The ninth article of the agreement provides that, " Before final settlement the parties of the second part shall furnish the party of the first part a release of liens properly signed and attested to by all parties that would have a legal right to file liens against said building."   Instead of this being a covenant against liens it is a full recognition of the right to file liens by anybody having furnished labor or materials.   But the plaintiff entered into another and entirely different contract directly with the defendant, and the question at issue arises upon that contract.   He joined as surety in a bond with Kountz Bros. to the defendant the condition of which was, " that if the said principal obligors shall well and faithfully perform said contract and complete and deliver said building to said obligee, its successors or assigns on or before the first day of March, 1890, free from all charges, claims, liens, mechanics'

liens, or any incumbrance or debt in the nature of a lien or charge, of any kind whatsoever, without any fraud or further delay, then this obligation to be void else to be and remain in full force and virtue."

If the plaintiff can recover upon a mechanic's lien against this building, the condition of the bond would be violated, and he would thereupon become bound upon a breach of condition to reimburse to the defendant whatever the defendant was obliged to pay him as a mechanic's lien creditor. He voluntarily made himself a surety for the original contractors that he would indemnify the defendant against "all charges, claims, liens, mechanic's liens, or any incumbrance or debt in the nature of a lien or charge, of any kind whatsoever." This is not a mere undertaking not to file a lien, but a contract by this particular plaintiff that the building shall be delivered to the defendant free of all charges, claims, liens, mechanics' liens or any incumbrance or debt in the nature of a lien or charge of any kind. To perform this contract there must be no debt, charge or lien of any kind at the time of delivery. How then can the plaintiff have a lien himself without being bound to remove it, just as much as if it were held by a stranger? But if he is bound to remove it he certainly cannot be permitted to enforce it.

This very question was decided in Benedict v. Hood, 134 Pa. 289, where the plaintiff with others joined in a guaranty that the original contractor would faithfully perform all the covenants of his contract with the owner. One of those covenants was that the contractor would not permit any person to file a lien, and that the last installment of the contract price should not be payable until after a full release of all liens had been delivered. We held in that case that the words were sufficient to prevent the filing of a lien by any one. That part of the decision has been since overruled, but we also held that the plaintiff was disabled from filing a lien because of his liability on the guaranty, and that he thereby waived his right to any lien. In the case of Cresswell Iron Works v. O'Brien, 156 Pa. 172, in which Benedict v. Hood was overruled as to the sufficiency of the words to create a positive covenant against all liens, we nevertheless held that the case was rightly decided on the ground that the plaintiff, being a surety for the faithful performance of the contractor's agreement could not file a lien himself. Our

brother MITCHELL delivering the opinion said, " The contracts
in that case (Benedict v. Hood) and in this, so far as relates
to the filing of liens, are substantially the same, but there was
in that case an additional feature in the fact that the plaintiff,
a subcontractor, was surety for the faithful performance by the
contractor of his covenants, one of which was that he would not
suffer any liens to be filed.   The case therefore was rightly de-
cided on the ground of waiver by the plaintiff of his right to
any lien, and it is on this ground only that it can be sustained
in the face of more recent and fuller adjudications."

It will be observed that the present case is much stronger on
this point than Benedict v. Hood.   For here the contract is not
a mere guaranty that the contract of the principal should be
faithfully performed, in general terms, but is a direct specific
contract made by the plaintiff himself with the defendant that
the building should be delivered to the defendant free of all
liens, claims, debts or charges in the nature of liens of any kind
whatsoever.   It is not a question whether this particular claim-
ant would be debarred from filing a lien as a subcontractor by
force of the terms of the contract between the contractor and
the defendant, but whether he may himself become a lien cred-
itor in the face of his contract of suretyship that the building
should be delivered free of all liens or charges.   The distinc-
tion is broad and perfectly clear.   When the necessary legal
effect of his contract as a surety is that he would be bound to
discharge a lien in his own favor the moment it was obtained,
he must be held to have waived all right to file such a lien.
For these reasons we must reverse the judgment on the first and
third assignments of error.   The other assignments become of
no importance.

Judgment reversed.