# Wyss, Appellant, v. Beaver Valley Brewing Company.

*Mechanic's lien—Release of liens—Contract—Consideration.*

Where a contractor in consideration of his being released from his personal liability to a subcontractor, and also in consideration of the execution to him of a second mortgage on the building, covenants to furnish a release of liens, he will not be permitted to repudiate his contract by saying that his covenant was to give a release from liens, not to refrain from filing a lien. His covenant to release is the equivalent of a covenant not to file.

Argued Oct. 16, 1906. Appeal, No. 152, Oct. T., 1906, by plaintiff, from judgment of C. P. Beaver Co., March T., 1905, No. 35, on verdict for defendant in case of Gothard Wyss v. Beaver Valley Brewing Company. Before MITCHELL, C. J., FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Scire facias sur mechanic's lien. Before HOLT, P. J.

The facts appear by the report of the case of Wyss-Thalman v. Beaver Valley Brewing Company, ante, p. 435.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*J. F. Reed*, for appellant.

J. M. *Swearingen*, with him *William A. McConnell* and *James H. Cunningham*, for appellee.

OPINION BY MR. JUSTICE ELKIN, January 7, 1907 :

All that has been said in Wyss-Thalman v. Beaver Valley Brewing Company, ante, p. 435, applies to this case. The equities are stronger against the appellant here. Under the contract of August 10, 1904, appellant was relieved of his personal liability to his subcontractors, amounting to more than $90,000, and he received a second mortgage in the sum of $55,000 for the balance due him on his building contract. He accepted the mortgage, had it recorded, and has received the interest as it accrued from time to time. The mortgage is in the exact terms of the contract, and having been accepted by appellant as shown by the testimony, the presumption is that it was a compliance therewith. He has therefore received the benefits accruing to him under the contract, and cannot be permitted to repudiate its obligations. He cannot approbate and reprobate the contract. He cannot accept the benefits and refuse to perform the duties imposed upon him. The contract stands as a whole, and must be enforced in all of its parts. Appellant agreed to furnish a release from liens, and he cannot be permitted to repudiate his contract by saying " my covenant was to give a release from liens, not to refrain from filing a lien." This distinction is too shadowy to be convincing. The legal effect of his contract was to furnish a release from all liens, his own as well as others, and it would do violence to the whole purpose of the transaction to permit him to file and enforce his own lien when he had covenanted to release from all liens. As to outside parties he might not be able to control them in the filing of liens, but in such event, under his contract, he must secure a release, but as to himself the covenant to release was the equivalent of a covenant not to file : Rynd v. Pittsburg Natatorium, 173 Pa. 237.

Assignments of error overruled and judgment affirmed.