## F. W. Wint Company, Limited, v. Snyder.

*Mechanic's lien—Lien as evidence—Affidavit of defence—Waiver of right to file lien—Acts of June 4, 1901, and April 24, 1903.*

1. Where there is no denial of averments in a mechanic's lien of the sale and delivery of material by the sub-contractor to the contractor, the lien may be read in evidence, and such reading dispenses with proof of the sales and deliveries.

2. Where, on a *scire facias sur* mechanic's lien, the plaintiff does not file a replication to the affidavit of defence, and the owners, who are the defendants, do not rule the plaintiff to file a replication as provided by the Act of June 4, 1901, P. L. 446, the court at the trial will consider the affidavit of defence as before it, and assume, as far as possible, that the facts averred therein are true.

3. Where an owner guarantees payment to a sub-contractor for material furnished the contractor, and the sub-contractor, in consideration thereof, agrees not to file a lien, such agreement will not prevent the filing of a lien if the owner has not complied with the provisions of the Act of June 4, 1901, § 15, P. L. 431, as amended by the Act of April 24, 1903, P. L. 297.

4. Defendants, who are the owners of a building against which a sub-contractor has filed a lien for extra materials, cannot set up a contract against the supply of such materials, where they were in fact furnished without objection, were in part paid for, and where the owners had made no payment or tender of payment on a contract of guarantee which they had made with the sub-contractor to pay for materials furnished by him.

Rule for judgment *n. o. v.* on a *sci. fa. sur* mechanic's lien. C. P. Lehigh Co., April T., 1925, No. 69.

*Aubrey, Steckel & Senger*, for plaintiff.

*Adrian H. Jones* and *Oliver W. Frey*, for defendants.

RENO, P. J., Aug. 3, 1925.—There being no denial of those averments of the mechanic's lien in which the sale and delivery of material by the sub-contractor to the contractor are set forth, it was proper to permit the lien to be read into evidence, and such reading dispenses with proof of the sales and deliveries: Ott *v.* Du Plan Silk Corp., 271 Pa. 322; Weaver *v.* Sheeler, 118 Pa. 634; Weitzel Lumber Co. *v.* Chenowith, 27 Dist. R. 864; Ronalds & Johnson Co. *v.* Kennedy, 25 Dist. R. 417.

Plaintiff did not file a replication to the affidavit of defence. Nor did defendants, who are the owners, rule plaintiff to file a replication, as provided for by the Act of June 4, 1901, § 34, P. L. 447. Whether in these circumstances the affidavit of defence was properly admitted into evidence need not be decided. For the purpose of this adjudication, we shall consider that it is

properly before us. Certainly, defendants will not object if we so consider that which they offered in evidence. We shall also, as far as is possible, assume that the facts averred in the affidavit of defence are true, with like effect as though they had actually been proven at the trial, although in doing so we shall encounter some difficulty, since defendants have sometimes pleaded conclusions of law and inferences of fact instead of the facts.

The averments of the affidavit of defence, briefly summarized, amount to this: That at the time plaintiff commenced to supply materials to the contractor, the owners gave a written guaranty to the sub-contractor for the material to be supplied by it, and in consideration of that guaranty the sub-contractor agreed with the owner not to file a mechanic's lien. The sub-contractor supplied materials in the sum of $1579.92, which apparently covered the items referred to in the affidavit of defence as "the estimate," and also furnished materials in the sum of $323.10, which are extra and additional materials. The guaranty referred to in the affidavit of defence covers the items in the estimate, which, as already stated, amount to $1579.92. The guaranty is not before us, but we assume that it was in writing. The agreement is verbal and the foregoing statement of it is taken from the affidavit of defence. The contention of the defendants must be that plaintiff may not file the mechanic's lien because of the agreement. Manifestly, this contention cannot prevail, for the Act of June 4, 1901, § 15, P. L. 438, amended by the Act of April 24, 1903, § 1, P. L. 297, provides that: "If the legal effect of the contract between the owner and contractor is that no claim shall be filed by any one, such provision shall be binding; but the only admissible evidence thereof, as against a sub-contractor, shall be proof of actual notice thereof to him before any labor or materials are furnished by him, or proof that a duly written and signed contract to that effect has been filed in the office of the prothonotary of the Court of Common Pleas of the county where the structure or other improvement is situate prior to the commencement of the work upon the ground, etc."

There is no proof or allegation of a contract between the owners and the contractor to the effect that no claim should be filed by any one, and, therefore, there could not have been actual notice thereof to the sub-contractor. Nor was a stipulation against mechanics' liens entered of record, as provided by the section above referred to. It follows that the agreement not to file a lien is unenforceable. Nor did the taking of security by the sub-contractor from the owner bar the sub-contractor's right to file a lien: Kinsley v. Buchanan, 5 Watts, 118; Shaw v. Church, 39 Pa. 226; Johns v. Bolton, 12 Pa. 339.

The affidavit of defence also alleges that plaintiff had agreed not to furnish materials other than those set forth in the estimate, and that, therefore, the claim for the additional materials, amounting to $323.10, cannot be maintained. Assuming that this is true, we do not understand how defendants can refuse payment if the goods were actually delivered and used in the structure. Certainly, it was as much defendants' duty to see that extra materials were not installed as it was the business of plaintiff to see that such extra materials were not furnished. The owners' acceptance of such materials obligated them to pay for them, whatever may have been the contract between them and plaintiff. Moreover, we note from the notice of intention to file a lien, to which reference is made in the affidavit of defence, that defendants made payments on account after the extra materials had been furnished. These factors certainly estop them from setting up a contract against the supply of extra materials. Apart from all this, it is to be noted that defendants have not paid or tendered payment of the guaranty. Until

they do that, they are not in a position to enforce an agreement made, as they claim, in consideration of the guaranty.

Now, Aug. 3, 1925, the rule to show cause why judgment *n. o. v.* should not be entered for the defendants is discharged, the motion for a new trial is overruled, and the prothonotary will, upon payment of the jury fee, enter judgment for the plaintiff and against the defendants upon the verdict.

From Edwin L. Kohler, Allentown, Pa.,