## Houser and Green v. Matsinger.

Argued March 12, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*C. Wilfred Conard,* and with him *Lewis Lawrence Smith,* for appellant.

*Henry A. Gouley,* and with him *William R. Toal,* for appellees.

Opinion by Gawthrop, J., April 15, 1931:

This is a proceeding under Section 23 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, which provides that any party having a lien against a property, against which a mechanic's lien has been filed, may file a petition to have the lien postponed to the rights of the petitioner. The remedy given by the section may be invoked when the date of the commencement of the structure mentioned in the claim is incorrect or when "for any reason the claim is postponed to the rights of the petitioner," and for certain other reasons not involved here. In the present case the petition was filed by the Liberty Title and Trust Company, which holds a mortgage on the premises against which the claim was filed. After hearing on petition and answer the court below entered an order refusing to grant the relief prayed for and dismissed the petition. This appeal by the petitioner is from that order.

The following material facts are undisputed: In

the summer of 1927, William A. Matsinger was the owner of a tract of land on Upland Way, Upper Darby Township, Delaware County. Desiring to build houses thereon, he applied for, and obtained from, the Lansdowne Bank and Trust Company a construction mortgage for $70,000. One of the terms on which the loan was granted was that the Lansdowne Bank and Trust Company and the Drexel Hill Title and Trust Company would issue their joint title insurance policy to the Lansdowne Bank and Trust Company, guaranteeing the titles and completion of the dwellings to be erected free of liens. Before the insuring companies would issue their policies, they required that each contractor who was to furnish labor and material for the construction of the houses should file his contract with the insuring companies and execute and deliver to them his bond for the completion of the houses free and clear of mechanic's claims. After all of the contractors had filed their contracts and bonds in accordance with this arrangement, the mortgage for $70,000 was created on April 7, 1927, and the proceeds thereof were placed with the title insuring companies. The building operation then proceeded. Subsequently, when the building operation was nearly completed, Henry W. Osman bought one of the properties, which is affected by the lien here involved, and on September 17, 1928, gave to appellant his mortgage in the sum of $8,000, which was duly recorded on September 27, 1928. At the same time the Lansdowne Bank and Trust Company released this property from its mortgage and agreed with appellant to issue to it a policy insuring the Liberty Title and Trust Company "against mechanic's and municipal claims and completion." On April 2, 1929, Houser and Green filed the mechanic's lien here involved, averring that the last work had been done by them on October 11, 1928,

and claiming a lien from November 7, 1927, the date it was alleged the work was started.

The first point urged in support of appellant's contention that the lien of the mechanic's claim should be postponed to the lien of the mortgage is that the evidence does not show that claimants did any work on the house in question within six months before the lien was filed, or that the work alleged to have been done on the house within that period was sufficient to continue the right to file the lien for a further period of six months. One member of the claimant firm testified that their contract included the furnishing and erecting of brick work, hollow tile, cement block and necessary labor to erect it; that they were compelled to stop work in June, 1928, because other contractors on the job "didn't have their work far enough advanced for us to finish;" that he received two letters from Matsinger, one dated September 22, 1928, and the other dated October 2, 1928, (both of which were offered in evidence) the first of which requested claimants to get in touch with Matsinger or his representative, Gehring, "in regards to finishing all work on operation of ten houses, Upland Way & Devon Lane;" the second requested them to "get all work done at once on my operation, etc....... It is very important that there must be something started this week without fail;" that in accordance with these demands he sent his men to finish the job, and that he paid them for work performed there on October 11, 1928, the amount paid being $23.76, for repointing and cleaning the brick work. Matsinger testified that as a result of his letter of October 2, 1928, "Mr. Houser himself got in touch with me and I told him to finish his work...... They were back there working after that." There was evidence that part of this work was done on the house here involved. This and other evidence to which we might refer justifies the finding

of the court below that claimants did work as late as October 11, 1928, on the building here involved in pursuance of their contract with the owner, and that this work was not done merely for the purpose of extending the time for filing the lien. Under Section 10 of the Act of June 4, 1901, P. L. 431, limiting the time for the filing of a mechanics' lien, the six months' period after which no lien can be filed begins to run from the date of the completion of the building under the contract: Trustees of Roman Catholic High School v. McCann, 246 Pa. 28. In Parrish & Hazard's Appeal, 93 Pa. 111, the claim was allowed although more than six months had elapsed from the time of the completion of the major part of the work. The assertion in appellant's brief that "the work on the operation was admittedly finished in June, 1928," is not justified by the record. For these reasons appellant's contentions that no work was done on the house here involved after October 2, 1928, and that the work, if done, was not sufficient to extend the time for filing the lien, cannot be sustained.

Appellant's other proposition is that the bond given by appellees to the Lansdowne Bank & Trust Company and the Drexel Hill Title & Trust Company acts as an equitable estoppel to prevent them (appellees) from enforcing a lien in violation of the covenant in the bond, upon the faith of which the appellant loaned the money on its mortgage. Its counsel point to the provision of Section 15 of the Mechanic's Lien Act, which provides: "The right to file a claim may be waived by agreement between the claimant and the party with whom he contracts, or by any conduct which operates to equitably estop the claimant." It is urged that this bond is not only an agreement "which bars the lien, but is also such contract as operated to equitably estop the claimant." The bond referred to is in the sum of $17,500, or double the amount which

appellees were to receive from Matsinger under their contract with him. By its terms its purpose and effect were merely to indemnify the obligees against financial loss or damage resulting to them from the failure of the obligors (1) to erect the buildings clear and free of mechanics' and municipal claims, or (2) to pay off and satisfy of record any such claims, or (3) to repay the said obligees for all sums of money expended by them in paying and discharging any such liens and the costs and charges connected therewith. Appellant admits in its brief that it has no right under the bond (to which it was not a party), as a third party beneficiary, and does not attempt to assert any such right. It rests its claim of the right to have appellees' lien postponed to its mortgage solely upon the principle of estoppel. In our view this contention is wholly untenable because there is not a word in the record to prove that appellant even had knowledge of the existence of the bond when it took its mortgage. We find no warrant for the assertion in its brief that "without the bond the money obviously would not have been loaned." Clearly an estoppel does not arise in favor of appellant in such circumstances. This case is readily distinguishable on its facts from Wyss v. Beaver, 216 Pa. 443, and Rynd v. Pittsburgh Natatorium, 173 Pa. 237, relied on by appellant. In each of those cases the proceeding was a scire facias sur mechanics' lien and the plaintiff and defendant were parties to the agreement which was held to have equitably estopped the claimant from attempting to enforce the lien. Therefore, as stated in the Wyss case, the agreement was clearly within the letter and spirit of Section 15 of the Act of 1901, which provides that "the right to file a claim may be waived...... by an agreement between the claimant and the party with whom he contracts, or by any conduct which operates to equitably estop the claimant." In the

present case one who is not a party to the bond and who, as far as the record discloses, acted without knowledge of its existence, relies upon the act of appellees in giving the bond as conduct which equitably estops them from securing a lien prior to its mortgage. We fail to see how any estoppel arose in favor of appellant. Clearly its remedy is a suit on its policy insuring its mortgage against mechanics' claims. The learned judge of the court below reached the right conclusion.

The order is affirmed.