## Johnson v. Walker

*Gilbert E. Long*, for plaintiff.

*Maurice Levinson*, for defendants.

*Gerald Crowley* and *Michael A. Barletta*, for intervening defendant.

HENDERSON, J., May 28, 1962.—This is a proceeding upon a mechanic's lien claim brought by Albert John-

son for electrical work done and performed in and about the construction of a home in Neshannock Township, Lawrence County, Pennsylvania. This home was the property of Merle E. Zeigler, Walter Zeigler and John E. Wyrie, partners, trading as Zeigler Brothers Company, and they were the general contractors for the construction of the home. Zeigler Brothers Company, under an oral contract entered into in 1959, contracted with Albert Johnson to do all electrical work in and about construction of this home after having furnished him with complete plans of the home and after receiving from him a bid covering all electrical work involved as shown by the plans.

On June 2, 1960, Zeigler Brothers Company sold the property to George Walker and Dorothy Walker, his wife, who were occupying the premises at the time this action was filed.

At the time George Walker, et ux., purchased this property they mortgaged the same with Home Protective Savings and Loan Association, intervening defendant, and since this action was instituted, there has been a mortgage foreclosure proceedings on that mortgage. Home Protective Savings and Loan Association has, therefore, intervened as defendant in the action.

The uncontradicted testimony shows that the contract between Johnson and Zeigler Brothers contemplated that Zeigler Brothers because of certain purchasing advantages, were to purchase all electrical materials, supplies and fixtures to be used by Johnson in fulfilling his contract terms.

Plaintiff's mechanic's lien alleges that the electrical work under his contract with defendants was commenced on July 22, 1959, and completed on June 16, 1960. The mechanic's lien was filed in the office of the Prothonotary of Lawrence County, Pennsylvania, on December 16, 1960.

Defendants have filed a petition to strike off the mechanic's lien, alleging that the electrical work done by plaintiff under his contract was completed on October 6, 1959, and that the mechanic's lien should be stricken for the reason that it was not filed within the statutory period for filing.

It appears from the testimony that in September or October of 1959, all of the electrical work was completed with the exception of the installation of one light fixture on the front porch of the property. The plans and the contract called for the installation of four light fixtures on this porch and proper electrical installations were made for the placing of four light fixtures there. However, when defendants, Zeigler Brothers Company, purchased the fixtures for this porch, only three such fixtures were available. These three fixtures were properly installed by plaintiff prior to October 6, 1959. Because the fourth matching fixture could not be found, Zeigler Brothers Company, on June 16, 1960, directed plaintiff to purchase four fixtures, identified by number SL759, to remove the three porch fixtures previously installed, and install the four new fixtures on this front porch, all of which plaintiff did on June 16, 1960.

Defendants take the position that all electrical wiring and electrical services were completed prior to October 6, 1959, and that the installation of this one porch fixture, after an eight or nine month delay, could not extend the time for plaintiff's filing his mechanic's lien. Defendants place great stress on the fact that plaintiff submitted a statement to defendants for his work on this job on September 16, 1959, and that he received $500 payment on the total bill of $1,707.44 on September 16, 1959. Defendants take the position that this indicates that plaintiff considered the job completed prior to September 16, 1959, and that he cannot now be heard to say that the replacement of the four

porch fixtures on June 16, 1960, was the completion of the contract.

The testimony on this point shows that both parties to the contract knew that, at the time the bill was submitted, all work under the contract was completed except that one fixture had not been furnished to plaintiff and was not installed as yet. Testimony shows that both parties knew this to be a fact at the time the $500 payment on account was made. The testimony also shows that the installation of all porch fixtures was a part of the original electrical job as shown by the plans, upon which the bid was submitted, and the contract. The testimony also shows that plaintiff's bill in the amount of $13.02 as submitted on or about June 16, 1960, to defendants, was a bill only for the cost of the four new fixtures and did not include any portion of the labor charges for installation of the four fixtures, this having been considered by all the parties to have been included in the original contract price which had previously been billed.

Defendants' brief states categorically that on September 16, 1959, plaintiff considered that his electrical services under the oral contract were completed and that this is the controlling feature in the case. This statement of defendants as to what plaintiff considered at that time is not borne out by the testimony; but to the contrary, plaintiff's testimony is to the effect that the completion of the contract occurred when the four fixtures were hung.

The law is clear and definite, in cases of new construction, that mechanic's lien proceedings must be perfected and that the lien must be filed within six months from the date of completion of the contract: Act of June 4, 1901, P. L. 431, sec. 10, 49 PS §52. Defendants cite to the court the case of Schenone v. Bronk, 20 Westmoreland 212 (1936), for the proposition that the extra work of replacing the three light

fixtures with four light fixtures was not done within the six month period following the completion of the former work and that, therefore, this extra work could not extend the statutory period for filing. It is found that this case does stand for the proposition that if any of several "contracts for a new structure were entered into during the time within which the contractor could have filed a lien for any one of the contracts, it kept his right to file a lien alive for six months from the time the last labor and materials were furnished." In order for Schenone v. Bronk to be on all fours with the case at bar, it would be necessary that more than one contract had been entered into between Johnson and Zeigler Brothers Company. However, it is found from the testimony that the work done on June 16, 1960, was work included in the original plans submitted to Johnson for bid and in the original contract between Johnson and Zeigler Brothers Company. Therefore, this case is not controlling.

Defendants further contend that the case at bar is ruled by South Hills Company v. Kelly, 101 Pitts. L. J. 327, also cited at 85 D. & C. 495 (1953), in which case the court struck off a mechanic's lien and held that mechanic's rights are not to be extended ad infinitum and work an obvious injustice to the owner who would never know when his liability to the subcontractor was at an end. We find, however, upon an examination of this case that the case was determined upon the fact that plaintiff intentionally and voluntarily ceased work upon the property when it was almost completed and that he delayed the final installation and completion in order to preserve his mechanic's lien rights. The court there said:

". . . If a contractor can, of his own volition, halt work when nothing has been done to stop the job, lien rights would be extended ad infinitum, which would work an obvious injustice on the owner who would

never know when his liability to a subcontractor was at an end."

We find this not to be the fact in the case at bar but rather we find that the delay in completion resulted from defendants themselves not being able to furnish plaintiff with the proper fixtures for installation, and that immediately upon plaintiff's being directed to obtain the fixtures himself and install them, he did so. Further, the installation of these fixtures was a contract requirement under the original contract.

It has been held that the time within which a lien must be filed does not begin to run until the extra work done at the request of the owner is finished, although the work which had been specifically contracted for had been previously completed: Johns v. Bolton, 12 Pa. 339 (1849); Rush v. Able, 90 Pa. 153 (1879). Therefore, even if we were to consider the rehanging of these fixtures as an extra rather than as a contract requirement, the lien would still have been filed in time.

In the case of Houser & Green v. Matsinger, 102 Pa. Superior Ct. 192 (1931), it was held that the period for filing of a mechanic's lien claim begins running from the completion of the building in accordance with the contract provision and if, after a period of inactivity, later work is done in pursuance to the contract and not for the purpose of extending the time for filing the lien, then the time period begins to run from the last day of work.

In the Appeal of Harman and Hassert, 124 Pa. 624 (1889), the question there involved was whether or not two portions of the same structure, one erected after an intervening period of time, are all parts of one building or whether the second was an addition or alteration of the first. The reasoning of the court in that case applies to the case at bar in that it was there held that the crucial test adopted by the courts is the intention of the parties at the time of the original con-

tract. It was held that the length of the intervening period is of little, if any, importance and that the erection of one portion of the building as originally designed, even though delayed for a considerable period of time after the rest of the building had been completed and put in use, makes it no less an essential part of the building.

In the case of Hofer's Appeal, 116 Pa. 360 (1887), it was held that work which was done on a building was subject to the filing of a mechanic's lien although months had elapsed since the completion of the former portion of the contract, the reason for this holding being that the latter work was part of the original plan and intention of the builder. See also Norris' Appeal, 30 Pa. 122 (1858) ; Parrish's Appeal, 83 Pa. 111 (1876) ; Yearsley v. Flanigen, 22 Pa. 489 (1854) ; and Holden v. Winslow, 18 Pa. 160 (1851).

Since it is found that the hanging of the four light fixtures on the porch of this home was a part of the original contract, since the delay in the completion of the hanging of these fixtures was in no way caused by plaintiff but rather caused by defendants in not furnishing the fixtures in accordance with the contract provision, and since there was no delay whatsoever on the part of plaintiff in completing his contract work when defendants authorized his purchase of the fixtures, it is found that the mechanic's lien in this matter is a good and proper lien against the premises.

### Order

Now, May 28, 1962, upon consideration of the above entitled matter, it is ordered that the petition to strike off the mechanic's lien claim is hereby dismissed. Further testimony shall be taken to determine the questions of fact concerning the amount due and owing to plaintiff under this lien at the convenience of counsel.