## A. L. Wiesenberger Associates v. Jarpenn Company

*Mark Scoblionko,* of *Scoblionko & Scoblionko,* for claimant.

*F. Paul Laubner,* of *Butz, Hudders & Tallman,* for owner.

DAVISON, J., March 21, 1972.—On October 5, 1971, plaintiff filed a mechanic's lien claim in the office of the Prothonotary of Lehigh County against defendant's premises, and notice of filing thereof was served by deputization by the Sheriff of Montgomery County on October 12, 1971. Although the service was timely, the required affidavit of service was not filed by the Sheriff of Montgomery County until November 15, 1971. Defendant filed preliminary objections to which an answer and new matter were filed by plaintiff and a reply thereto by defendant. Depositions were taken. The matter is before the court for disposition on defendant's preliminary objections.

Defendant contends that: (1) the claim should be stricken because the affidavit of service of notice was not filed within 20 days after service; (2) the arbitration clause in the subject contract requires submission of this claim to arbitration; (3) plaintiff is not within the class of persons within the purview of those to be protected under the law; (4) plaintiff has failed to comply with the four-month filing requirement, and (5) the claim is not supported by sufficient detail.

We are here concerned with the interpretation and meaning of a number of provisions of the Mechanics' Lien Law of August 24, 1963, P. L. 1175, 49 PS §1101, et seq., which we shall hereinafter refer to as the Mechanics' Lien Act or simply as the act.

First, defendant argues that the claim must be stricken as being in violation of section 502, which provides that every claimant must file a claim with the prothonotary within four months after completion of its work, serve written notice thereof within one month after filing and file within 20 days after

service an affidavit of service of notice setting forth the date and manner of service. Plaintiff seeks to excuse its noncompliance because of the action, or inaction, of the office of the Sheriff of Montgomery County where deputization occurred. It has not been suggested by defendant that it has been prejudiced by the delay in filing. While we are somewhat loath to interpret a statute contrary to what may on its face appear to be its expressed words, we nonetheless feel that the drafters did not intend an absurd result and where, as here, the delay in filing is not in any way attributable to plaintiff, there is no justification for penalizing plaintiff by dismissing the claim on such grounds. We have studied Hoffman Lumber Co. v. Geesey, 12 Chester Co. 375 (1964), and the other cases relied on by defendant, but feel that Lapidus v. Wellenbach, 9 D. & C. 2d 717 (1956), is more persuasive on this point. In Lapidus, the court said, at page 719:

". . . if the proof of service which he [the sheriff] files with the prothonotary is defective but the service itself is not, then there is no sound reason why he cannot amend that proof of service by adding a jurat thereto just as an affidavit might be amended by an individual . . ."

Consequently, we do not believe that there is any merit to defendant's argument that the claim should be stricken because of noncompliance with the service provisions of the act.

Next, defendant argues that the contract documents require submission of this matter to arbitration under the following language of section 6.4.1 of the agreement:

"All claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration

Rules of the American Arbitration Association then obtaining. This Agreement so to arbitrate shall be specifically enforceable under the prevailing arbitration law."

Defendant is quite correct in stating that the policy of the law clearly seems to favor submitting disputes to arbitration if the parties have so agreed. Moreover, we are not unmindful of the fact that it was plaintiff who supplied the forms for the subject agreements. On the other hand, plaintiff's contention that the in rem nature of a mechanic's lien proceeding distinguishes and excludes it from the remedy of arbitration is very persuasive.

However, we do not believe that this type of objection is the proper subject matter of a preliminary objection under the Mechanics' Lien Act, section 505, 49 PS §1505, the pertinent provisions of which are as follows:

"Any party may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act."

By the express language of the act, it is clear that it would not be appropriate for the court at this point to make a determination as to whether or not the arbitration clause preempts this proceeding: Grove v. Falk, 84 Dauph. 370 (1966); Gilbert v. Runkel, 12 Lebanon L. J. 67 (1967).

The third contention of defendant is that plaintiff is not within the class of persons within the purview of those to be protected under the Mechanics' Lien Act. Section 201(4), 49 PS §1201(4), provides as follows:

" 'Contractor' means one who, by contract with the owner, express or implied, erects, constructs, alters or repairs an improvement or any part thereof or furnishes labor, skill or superintendence thereto; or sup-

plies or hauls materials, fixtures, machinery or equipment reasonably necessary for and actually used therein; or any or all of the foregoing, whether as superintendent, builder or materialman. The term also includes an architect or engineer who, by contract with the owner, express or implied, in addition to the preparation of drawings, specifications and contract documents also superintends or supervises any such erection, construction, alteration or repair."

This court has already previously ruled that a claimant's status may not be raised by preliminary objections: Molinaro & Son, Inc. v. Miers, 32 Leh. L. J. 271 (1967). In construing the provisions of section 505 of the act, Judge Henry V. Scheirer observed that the act states that preliminary objections may be made, "to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act." Here, defendant asserts that the lien should be stricken because the claimant was not, in fact, within the class of persons intended to be covered by the act. This is an issue going to the merits of the claim and not capable of disposition by preliminary objections.

Defendant next suggests that plaintiff has failed to comply with the four-month time limit required by section 502 of the act. Defendant relies upon South Hills Company v. Kelly, 85 D. & C. 495 (1953), in support of its position. The expression "completion of the work" is defined by section 201 to mean, "performance of the last of the labor or delivery of the last of the materials required by the terms of the claimant's contract or agreement, whichever last occurs." South Hills is distinguishable because its decision was based upon the fact that plaintiff there intentionally and voluntarily ceased work upon the property when it was almost completed and delayed the final in-

stallation and completion in order to preserve his mechanics' lien rights. Indeed, the court there said:

". . . If a contractor can, of his own volition, halt work when nothing has been done to stop the job, lien rights would be extended ad infinitum, which would work an obvious injustice on the owner who would never know when his liability to a subcontractor was at an end."

We find that the legal rationale of Houser & Green v. Matsinger, 102 Pa. Superior Ct. 192 (1931), and Johnson v. Walker, 28 D. &. C. 2d 625 (1962), are controlling on this issue. Further, the court has nothing before it that would in any way tend to support the position that plaintiff has voluntarily ceased work in an effort to prolong its rights to file a mechanic's lien claim.

Finally, defendant argues that the claim has not met with the requirements of section 503. In deciding adversely to defendant on this point, we believe the following language of the court in Giansante v. Pascuzzo, 34 D. & C. 2d 554, aff'd. per curiam, 205 Pa. Superior Ct. 28, 206 A. 2d 340 (1965), is controlling:

"The question whether a particular notice contains language sufficiently descriptive to inform the owner of the nature of the demand is usually a very difficult and close one. As an aid in determining the sufficiency of such a notice the Pennsylvania Superior Court in the Moss case [Moss & Blakeley Plumbing Co. v. Schauer, 150 Pa. Superior Ct. 318 (1942)], stated on 150 Pa. Superior Ct., page 322, 28 A. 2d, page 325, quoting from Intercoastal Lumber Distributors, Inc. v. Derian et al., 117 Pa. Superior Ct. 246 [178 A. 350]:

" 'All the cases agree that a substantial compliance is sufficient, and this is shown to exist wherever enough appears, on the face of the statement, to point

the way to successful inquiry. Adherence to the terms of that statute is indispensable, but the rule must not be pushed into such niceties as serve but to perplex and embarrass a remedy intended to be simple and summary, without in fact adding anything to the security of the parties having an interest in the building sought to be encumbered. Certainty to a common intent has, therefore, always been held to suffice.' "

## ORDER

Now, March 21, 1972, it is ordered that defendant's preliminary objections to plaintiff's mechanic's lien claim be and the same are hereby dismissed.